Duefee, Judge,
delivered the opinion of the court:
Plaintiff sues to recover the pay of an Army colonel for the period August 1, 1951, to January 13, 1953, less the pay of a lieutenant colonel which he actually received. The matter is before us on cross-motions for summary judgment.
John Hix Awtry served on active duty as a commissioned officer in the Army of the United States from September 5, 1942, through March 31, 1953. On April 15, 1944, he was promoted to lieutenant colonel. In February 1948 he was appointed a colonel in the Officers’ Reserve Corps while retaining his commission as a lieutenant colonel on active duty. Plaintiff asserts that on July 1, 1948, this latter commission expired. He continued to serve on active duty, however, until January 13, 1953, at which time he received, by Presidential request, an active duty commission as a colonel. Plaintiff concludes that between July 1,1948, and January 13, 1953 his active duty must have been served as a colonel also.1
*683Plaintiff’s claim depends upon acts done or effected on June 30 and July 1, 1948. He received Ms appointment as lieutenant colonel in 1944 under the Act of September 22, 1941, ch. 414, 55 Stat. 728. The Act of July 25,1947, ch. 327, 61 Stat. 449 repealed this prior legislation, effective July 1, 1948. The question arose, did the repeal only extinguish the power to make additional military appointments under the 1941 Act, or did the repeal also terminate, on June 30, 1948, all appointments theretofore made under the Act ? In order to avoid tins latter interpretation of the repealing legislation, the Army sought to reappoint the officers affected. Plaintiff claims that the 1947 Act did, in fact, nullify his commission as lieutenant colonel, and further, that the Army’s attempt, on June 30, 1948, to reappoint him for another 3 years was unlawful. Plaintiff did continue on active duty. He argues that the only valid commission he held after July 1, 1948, was that of a colonel in the Officers’ Reserve Corps, and therefore he could only have been a colonel during his extended active duty. Plaintiff presents alternative grounds upon which to recover colonel’s pay which will be considered in Part II of this opinion.
Assuming, for argument’s sake, that plaintiff’s 1944 appointment terminated June 30,1948, we turn to his reappointment as a lieutenant colonel on that same day. If this new commission is legal and effective, plaintiff’s first ground for recovery is precluded.
Plaintiff’s new active duty commission was given him under the provisions of the Officer Personnel Act of August 7, 1947, ch. 512, 61 Stat. 795. Section 515(d) of this statute provided in part (p. 907):
* * * Any officer of any Reserve component ordered into or serving on active duty may, with his own consent, be temporarily appointed in a grade in the Army of the United States, either higher or lower than the grade held by him in such Reserve component, and such temporary appointment shall not affect the appointment and grade held by him in his Reserve component. [Emphasis supplied.]
Plaintiff fitted properly into the terms of this section. He was an officer, a colonel, in a Reserve component. He was appointed to active duty in the Army of the United States in *684a grade lower — tbat is, lieutenant colonel, than the grade held by him in such Reserve component. The controversy concerns the statutory language “with his own consent.” Plaintiff asserts that the Army issued and followed special orders which denied plaintiff the right or opportunity to give his consent to the appointment, and that while serving on active duty on June 30,1948, he was “ordered” to accept the new appointment. Defendant argues that the Army did obtain from plaintiff sufficient consent to this commission.
Pursuant to section 515 of the Officer Personnel Act of August 7, 1947, cited above, the Army issued paragraph 7 of Special Order No. 120, June 15, 1948, which provided in pertinent part as follows:
7. By direction of the President, paragraph 26b, Special Orders 117, Department of the Army, 1948, is amended to read:
b. DP officers of the Army of the United States who on 30 June 1948 are serving on active duty in temporary grades lower than their permanent grades in * * * the Officers’ Reserve Corps * * * are hereby temporarily appointed effective 30 June 1948 under the provisions of section 515 Officer Personnel Act of 1947 in the same temporary grades in which they are serving on 30 June 1948. DP officers so appointed are continued on active duty in new temporary grades. Dates of rank will remain unchanged. New oaths of office for these officers will be administered on 30 June 1948 or as soon thereafter as practicable and forwarded to The Adjutant General. A notation “Aptd by Par. 26, SO 117 DA 1948 as amended by Par 7 SO 120” will be made on each oath of office form at the left of the signature. * * * Nothing in this order will be construed as making a change, to a grade higher or lower than the temporary grade in which the affected personnel are serving on 30 June 1948.
This order was applicable to plaintiff, and under it, he was given his June 30, 1948, commission as lieutenant colonel. This Special Order did not state in words that plaintiff’s “express consent” must first be obtained before he would be commissioned. Neither did the Officer Personnel Act of 1947, section 515(d), supra, demand plaintiff’s “express consent.” Section 515(d) provided that the appointment be made “with his own consent.” These general words *685do not prescribe any special form of acceptance. They express the intention of the Congress that the appointments be offered and accepted voluntarily, not imposed, but it was left to the military authorities to carry out this intention of the Congress. If plaintiff and other candidates knew or should have known that the commissions were voluntary, and if they were given sufficient opportunity to refuse the commissions, we must hold that the Army sufficiently complied with the controlling statutory law.
There is little, if any, evidence in the record that plaintiff was obliged to accept the new commission or that the Army imposed a commission on an unwilling plaintiff or on any other man (on June 30,1948). There is no evidence that he attempted to reject the commission, or that any attempt on his part to refuse the commission would have been rebuffed. There is evidence that plaintiff was quite willing to serve as a lieutenant colonel for 3 more years, and that he was in fact given the opportunity to refuse the appointment if he so desired.
On December 29,1947, the Department of the Army issued Circular No. 79, which implemented section 515 of the Officer Personnel Act of 1947. This circular, paragraph 5, stated that officers such as plaintiff would be separated from the service before April 30, 1948, unless their continued service “is voluntary.” Paragraph 5 further stated that “Officers who have signed a voluntary category statement * * * will be considered to have volunteered to serve * * *” after such date. Circular No. 27, dated February 2, 1948, amplified Circular No. 79 by stating that eligibility for the “extended active duty in categories” is conditioned upon the applicant’s
agree [ment] to accept active duty in a grade not higher than that in which the applicant served in the Army of the United States immediately prior to processing for relief from active duty.
These instructions are quite clear. If plaintiff desired to remain on active duty after April 30, 1948, he must “agree to accept active duty” in a grade not higher than lieutenant colonel. Such service would therefore be voluntary.
Without any military command or obligation, plaintiff, on March 19, 1948, submitted a request for retention on ex*686tended active duty as a lieutenant colonel under Category III. Had he not done so he would presumably have been separated from the service before April 30 or by June 30. Defendant’s Exhibit No. 2B is the Category Statement signed by plaintiff. On it there are listed Categories I, II, III, and V. Category III states “I elect to continue on extended active duty for three (3) years.” Categories I and II are the same except that they are for one and two years respectively. Category V states “I desire relief from active duty at the earliest opportunity.” There is no question but that this request by plaintiff was at his own election. He could have chosen to separate himself from the service, but he did not. On July 30,1951, he again requested another 3-year category extension. But plaintiff argues that on June 30, 1948, 3% months after he submitted his Category III request, he was obliged to take a new commission under Special Order 120, sufra, as lieutenant colonel for 3 years. His complaint seems to be that he was forced to accept substantially what he had volunteered for a few months earlier. He was, evidently, content to extend his existing commission as lieutenant colonel for 3 more years, but he would not serve the same 3 years in the same grade under a new commission. All this, however, is hindsight. There is not the slightest hint in the record that plaintiff, on June 30, 1948, was an unwilling recipient of the appointment, or indeed, that he could not have refused the commission and separated himself from the service.
The oath of office plaintiff took on June 30 had instructions on the reverse side which stated that this oath will be executed “upon the acceptance of a commission or appointment in the Army.” Paragraph 5 of the instructions states:
Immediately upon receipt of a commission or notification of appointment, the appointee will, in case of acceptance of the commission or appointment, return to The Adjutant General the oath of office on this form properly filled in, subscribed, and attested. In case of non-acceptance, the commission or notification of appointment will be returned to The Adjutant General by a letter indicating the fact of non-acceptance. [Emphasis supplied.]
*687These directions on the oath of office indicate that plaintiff conld have accepted or rejected the appointment. He took the oath and signed it. We must conclude, therefore, that plaintiff was constituted a lieutenant colonel “with his own consent.” The record does not substantiate plaintiff’s claim that he reasonably believed that he had to accept the new commission, and that the Army offered him no opportunity to refuse it. The evidence is almost all to the contrary.
H
Plaintiff presents an alternative claim which concerns the failure of two Army selection boards to recommend him for promotion, while on active duty, to the rank of colonel. The first selection board convened on or about January 8, 1952, and the second in August of 1952. Plaintiff seeks to recover the pay of a colonel from January 8, 1952, to January 13, 1953, when he was appointed a colonel by Presidential request, less the pay of lieutenant colonel which he actually received.
Plaintiff contends that these boards arbitrarily passed him over for promotion; that they were unlawfully assembled because there were less than five members appointed to them; that they were not made up predominantly of members of the Judge Advocate General’s Corps, and that one of the men on the second board also served on the first. Defendant has asked for a summary judgment in its favor on this alternative claim. Plaintiff urges that he be allowed to prove these allegations before a commissioner because they raise an essential question of fact.
It must be noted that the selection board does not promote any man. Its sole function is to choose the men who will be promoted if and when a vacancy occurs in the ranks. If a man is chosen by a selection board and placed on a promotion list, there is no guarantee that he will in fact be promoted. Certainly there is no guarantee when he will be promoted. This points up the problem with plaintiff’s second claim in this proceeding. He is in fact asking for more than he would have received had he been picked by the first selection board and none of the alleged illegalities existed. He is asking for the pay of a colonel beginning on the day the selection board first met.
*688Tbe objections of plaintiff to tbe selection boards which considered bis eligibility for promotion are based upon a contention that tbe number and status of the board members do not meet tbe requirements of section 507(a)(8) of tbe Officer Personnel Act of 1947. These provisions are expressly applicable only to promotions in the Regular Army.
Army [Regulation 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 provides for temporary promotions in the Army of the United States officers on active duty, and states that promotions thereunder “will be based upon the provisions of the Officer Personnel Act of 1947.”
The requirements of the Act for “Temporary Appointment of Officers in the Army of the United States” are provided under section 515 thereunder and it is to this part of the Officer Personnel Act that the regulation refers, not to the requirements of section 507, except only as to promotion of general officers in the Army of the United States, where Section II of AN-605-12 provides that temporary promotions of brigadier generals and major generals shall be by boards of at least five members as prescribed in section 507, The Officer Personnel Act of 19If7. Section III of the same [Regulation prescribes that selection boards for temporary promotions to major, lieutenant colonel and colonel “will be composed of not less than three nor more than five officers.”
The absence in the regulation of any reference to promotion under section 507 of the Act of 1947, except as expressly limited; the inclusion of the requirements as to temporary promotions in section 515 of the Act, and the specific procedural provisions of the regulation herein cited, establish that the number and status of the members of selection boards for temporary promotions in the Army of the United States on active service is not prescribed by, or required to comply with the provisions of section 507 of the Officer Personnel Act of 1947.
Apart from the alleged irregularities in the constitution and conduct of the selection boards, plaintiff must at least allege facts which demonstrate that he has been damaged by the events of which he complains. There should be a showing that at some reasonably ascertainable time, plaintiff would in fact have been promoted, provided he had been previously selected for promotion.
*689Defendant has placed before us uncontroverted statements of fact which demonstrate that if plaintiff’s name had been placed on the promotion list by the first board, he would have been promoted to colonel no sooner than May 12,1953. Section 10 of Army Regulation 605-12, “Commissioned Officers, Temporary Promotions in the Army of the United States,” dated September 30, 1948, which governed the promotion scheme applicable to plaintiff, provided:
Eligible list for promotion. — a. The Department of the Army (and major commanders specified in par. 13) will maintain eligible lists of the officers who have been selected for promotion based on the selection board’s recommendations. The names of officers selected will be included in these lists in the same order as they appeared on the selection list which was submitted to the board.
b. Officers will be promoted in the order that their names appear on these eligible lists and as vacancies occur.
Plaintiff’s name appears as No. 13 on the “selection list which was submitted to the board.” A Lieutenant Colonel Loos was No. 12 on this list. He was selected to be promoted. If plaintiff had been likewise chosen, his name would have been placed on the eligible list after Lieutenant Colonel Loos. Loos was promoted on May 12, 1953. Plaintiff was promoted by Presidential order on January 13, 1953.
Plaintiff has failed to controvert these facts which show that he has not been damaged by the failure of the selection board to approve him for promotion.
Defendant’s motion for summary judgment is granted. Plaintiff’s motion is denied, and his petition is dismissed in its entirety.

 Plaintiff recognizes that his claim for the period July 1, 1948, through July 31, 1951, is barred by the 6-year statute of limitations, 28 U.S.C. § 2501. Plaintiff’s original petition was filed August 29, 1957.