Stephen H. PAYSON, Appellant,

v.

William B. FRANKE, Secretary of the Navy, Appellee.

No. 15554.

United States Court of Appeals
District of Columbia Circuit.

Argued May 4, 1960.

Decided Aug. 4, 1960.

Mr. Penrose Lucas Albright, Washington, D. C., for appellant.

Mr. Daniel J. McTague, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before PHILLIPS, Senior United States Circuit Judge for the Tenth Circuit,* and WILBUR K. MILLER and DANAHER, Circuit Judges.

DANAHER, Circuit Judge.

A Navy Department selection board was convened September 24, 1957, to consider the cases of officers of the Civil Engineer Corps of the Navy on active duty eligible for consideration for temporary promotion to the grade of Captain. Three officers were selected. By direction of the Secretary, the selection board also considered the cases of all such officers "with less than twenty years of service" whose records indicated their unsatisfactory performance of duty in their present grade and that they would not satisfactorily perform the duties of a higher grade. The board found this appellant includable among the latter group. The report of the selection board was concurred in by the Chief of Naval Operations, and thereafter was approved by the Secretary of the Navy and the Secretary of Defense.

Finally, after the report had been approved by the President on October 17, 1957, appellant was given notice of the action taken and was informed that he would be separated from the service as of June 30, 1958. After the Secretary of the Navy had refused appellant's request that his discharge be suspended, appellant filed suit in the District Court where a temporary restraining order was issued. A motion for a preliminary injunction was denied, and appellant was finally discharged on July 18, 1958. Cross motions for summary judgment having been filed, the Secretary's motion was granted. Appellant's motion was denied and his case was dismissed, and this appeal followed.

Appellant's complaint had asked the District Court to adjudge and declare null and void that portion of the report of the selection board which reflected the board's opinion that appellant's record indicated his unsatisfactory performance of duty in his grade of Commander. Alternatively, appellant asked the District Court to adjudge and declare 10 U.S.C. § 6384 to be a nullity, (a), for its failure to prescribe with reasonable clarity the limits of the power entrusted to the selection board, or (b), for prescribing "unreasonable and too broad limits of authority which Congress is without power to prescribe."

The record shows that appellant on October 14, 1937 was appointed Lieutenant (j. g.) in the Civil Engineer Corps of the United States Naval Reserve and that he accepted appointment December 29, 1937. He was not called to active duty until January 22, 1941. He served in various grades until, on September 7, 1946, he was appointed an officer in the Regular Navy, Civil Engineer Corps, achieving the permanent rank of Commander in June, 1949. Pursuant to the Act approved April 18, 1946, 60 Stat. 92, 34 U.S.C. § 15 (1952), many officers like appellant who had served in World War II as Reserves transferred to the Regular Navy. It is clear from the Act that Congress contemplated no discrimination against officers because of the source from which they entered the Regular Navy and that no preference was to be accorded officers because they entered the Regular Navy from a particular source. Problems arose, nevertheless, and Congress next passed the Officer Personnel Act of 1947, 61 Stat. 795, 851, 34 U.S.C. § 306d(c)(2) (1952), (now 10 U.S.C. § 6384(a) (1958)), where provision was made for certain action by a selection board as to officers "of less than twenty years' service."

 Despite appellant's claims, we perceive no proper basis upon which to conclude that the sections here applied were a "nullity." Not only does Congress possess specific constitutional authority to legislate with respect to the Navy, U.S.Const. art. I, § 8, but the President from the same source derives his authority as Commander-in-chief. He appointed the Secretary of the Navy

---

* Sitting by designation pursuant to 28 U.S.C.A. § 294(d).

by whose "precept" the selection board was convened. To the latter, expressly detailed duties were assigned by the Secretary. The carefully outlined agenda, set forth in the record, discloses a comprehensive plan whereby a recorder was named and sworn, each member of the board was sworn to the performance of the specific duties devolving upon the board, at least two-thirds of the membership were bound to, and did, concur in the ultimate individual opinions and conclusions, and the final findings were read aloud in the presence of all members who then signed the report as did the recorder. We can not agree that the administrative plan authorized by statute with the report of the board proceeding through channels, and ultimately approved by the President, was a "nullity."

Apparently the records of some 125 Civil Engineer Corps officers of the Navy were under consideration by the board. Three officers were found eligible for promotion and three others were in the board's sworn, collective judgment not qualified for continued service. Short of court martial proceedings based upon gross dereliction or retirement for physical or mental disability, the mechanism may well seem to reflect the experience of long years involving thousands of officers, whose qualifications for continued service may thus become subject to periodic review. Congress has long been aware of the problem, with severance pay, retirement status and other personnel factors the subject of extensive legislation.

■ To decide, as we do, that the statutes and the proceedings under them are not a "nullity" is not to end our task. If appellant had achieved "total commissioned service" of twenty years, he would not have been subject to separation from service. He insists he possessed a record of twenty years' service for the purposes of 10 U.S.C. §§ 6384(a) (providing for action by the selection board looking to separation from the service), and 6388 (a) and (b)(1) and (b)(2) (providing for computation of total commissioned service). He argues that the codifiers in drafting 10 U.S.C. and particularly § 6388(a) and (b)(1) and (b)(2), erroneously and substantively altered the source provisions to be found in the Officer Personnel Act of 1947, particularly section 202(d)(1). The latter not only specified how "total commissioned service" must be computed for Regular Navy Officers but related his service to one of the latter next junior to him.

Appellant thus claims that his "total commissioned service" should be deemed to date back to June 30, 1937 of the fiscal year from which his Naval Academy "running mate" must date his service under 10 U.S.C. § 6388(a). On appellant's theory, his twenty years' service would have been concluded by June 30, 1957, and the selection board therefore lacked power to recommend his separation.

We do not agree. The record clearly shows that appellant's running mate had been appointed Ensign in the Regular Navy on June 3, 1937, but he did not accept appointment as Lieutenant (j. g.) in the Navy's Civil Engineer Corps until August 23, 1940. The onset date of his staff corps service, under the Act, became June 30, 1941.

Appellant seems totally to have overlooked the effect which must be given to section 202(a) of the 1947 Act. There the word "officers" was defined for the purposes of Title II to mean "commissioned officers * * * in the *Staff Corps* of the Regular Navy," (emphasis supplied) which included the Civil Engineer Corps. Thus section 202(d)(1) in referring to "total commissioned service" of such a Regular Navy Officer provided that computation must date "from June 30 of the fiscal year in which he accepted *such appointment*," i. e., as a commissioned officer in the *Staff Corps*. Sections 202(a) and 202(d)(1) must be read together. The codifiers in drafting 10 U.S.C. § 6388 simply elided the terminology as to "staff corps" service to avoid the circumlocution and interpolation essential to a proper reading of the 1947 Act.

The affidavits and administrative records before us demonstrate a consistent application by the Navy of interpretations with which we agree. The Officer Personnel Act of 1947, 61 Stat. 815 denominates Title II as containing "Permanent Provisions Relating to Officers of the Staff Corps of the Navy." The Judge Advocate General of the Navy had clearly distinguished section 102(d) of the 1947 Act as applicable to line officers from section 202(d)(1) as applicable to staff corps officers. That his persuasive opinion, Court-Martial Order 2–1949, p. 40, since followed, had commended itself to Congress, we do not doubt. The Comptroller General agrees. See 37 Comp.Gen. 747 (1958).[1] When Title 10 of the United States Code was enacted into positive law as of August 10, 1956, Senate Report No. 2484, 84th Cong., 2d Sess. 19 (1956), to accompany H.R. 7049, explained in pertinent part:

> "The object of the new titles has been to *restate existing law, not to make new law.* * * * Where court decisions, opinions of officials such as the Attorney General or the Comptroller General, executive orders, regulations, or well-established administrative practice have established authoritative interpretations clarifying ambiguities in the law, the text has been reworded to express those interpretations." (Emphasis added.)

We are satisfied that the original statute, the departmental interpretations, the codification and the Comptroller General's decision, supra, demonstrate that appellant's total commissioned service was correctly computed. Calculated as it was, appellant had not achieved the twenty years' service which would have insulated him from separation from service.

██ It is not our function to reassess the appellant's performance record which the selection board deemed unsatisfactory. Various references therein may well have appeared to an expert body to suggest an adequate basis for the conclusion which was reached. This may seem especially the case where this appellant's record was to be contrasted with many others. The criteria were for the board in its sworn judgment to apply for the good of the service. Suffice it to say that we are in no position to assess and appraise that record by itself even were we free to do so. Cf. Orloff v. Willoughby, 1953, 345 U.S. 83, 93, 73 S.Ct. 534, 97 L.Ed. 842; Creary v. Weeks, 259 U.S. 336, 343, 42 S.Ct. 509, 66 L.Ed. 973, affirming Weeks v. United States, 1922, 51 App.D.C. 195, 277 F. 594.

We have carefully considered every aspect of the claims advanced before us. We can not say that appellant's separation from service was improperly accomplished.

Affirmed.

---

[1]. Appellant on brief concedes that if these two administrative opinions can be sustained, his allegation that he had over 20 years' service, computed under 10 U.S.C. § 6388, "must fail."