Robert A. **MULDONIAN**
v.
The **UNITED STATES.**
No. 378–68.

United States Court of Claims.
Oct. 16, 1970.

Carl J. Felth, Washington, D. C., for plaintiff.

Charles M. Munnecke, Washington, D. C., with whom was Asst. Atty. Gen., William D. Ruckelshaus, for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON, and NICHOLS, Judges.

LARAMORE, Judge.

Plaintiff in this case, an Air Force Reserve Officer, claims that because of certain record-keeping errors he was denied timely promotions to Major and Lieutenant Colonel in the Air Force Reserve. Plaintiff claims that because of the delay he is entitled to back pay in the amount of $1,212.44. Plaintiff further claims that he should have been promoted to Colonel in the Air Force Reserve and for such other relief as may be appropriate.

In considering the claims of the plaintiff, this court must determine if the plaintiff is entitled to be given credit for certain inactive duty points (to be defined hereinafter) earned while in the Naval Reserve before his transfer to the Air Force Reserve. The court must also determine if an officer in the Air Force Reserve has a right to be promoted. These issues arise on cross-motions for summary judgment and for the reasons to be hereinafter set forth, the court holds that the plaintiff is not entitled to recover.

The questions presented arise out of a complex sequence of events which began when plaintiff was transferred to the

Air Force Reserve. At the time of this transfer on December 14, 1950, plaintiff's personnel records indicated that while serving on active duty in the Navy during World War II he attained the rank of Lieutenant, Senior Grade, effective July 1, 1944. (This date is known as an officer's promotion service date.) Plaintiff's records further showed that after the War he was assigned to the Naval Reserve where he served until he was transferred to the Air Force Reserve. At the time of this transfer plaintiff was given the rank of Captain, Air Force Reserve, which is the equivalent of a Lieutenant, Senior Grade, in the Navy. However, due to a record-keeping error, plaintiff's promotion service date was shown as December 14, 1950, the date of transfer, rather than the date plaintiff was promoted to the rank of Lieutenant, Senior Grade, in the Navy.

Upon learning of the error that had been made, plaintiff began his efforts to correct the personnel records to show the promotion service date as July 1, 1944. Finally, some four years later, Air Force Reserve Order No. 13, dated January 20, 1954, corrected plaintiff's promotion service date to the proper date of July 1, 1944. Thereafter, in April of 1954, plaintiff was considered for promotion from Captain (the Air Force equivalent of a Lieutenant, Senior Grade, in the Navy) to Major, Air Force Reserve. However, plaintiff was not selected for the promotion to Major until the following year, effective September 22, 1955. The effective date of the promotion to Major was later changed to June 26, 1957, but at a hearing of the Air Force Board for Correction of Military Records the effective date was readjusted to September 22, 1955.

Following the promotion of plaintiff to Major he was again promoted to Lieutenant Colonel on April 23, 1963. Plaintiff was thereafter considered for promotion to Colonel by the May 1967 and April 1968 Selection Boards under the provisions of 10 U.S.C. § 8362 (1964) but was not selected by either Board and was

therefore placed on the retired list pursuant to 10 U.S.C. § 8846 (1964).

Both parties in this case agree that at the time of plaintiff's transfer from the Naval Reserve to the Air Force Reserve the relevant and controlling regulations then in effect were Air Force Regulation (AFR) 45–35 (1949) and AFR 45–5 (1949). The latter of the two regulations established the guidelines for operation of the Air Force Reserve, a newly created branch of the Air Force, and referred to areas such as Organization and Assignment, Promotion, Transfer within the Reserve and Retention of Officers. AFR 45–35 enumerated the procedure for transfers of Reserve Forces into the Air Force Reserve from other services. These regulations are of critical importance to the decision of this court since the language found therein is crucial to the plaintiff's claim for back pay and acceleration of his promotions.

AFR 45–35 provides, at section 2, paragraph (a), that:

Any commissioned officer of the Officers' Reserve Corps, Naval Reserve, Marine Corps Reserve, Coast Guard Reserve, and United States Public Health Service Reserve who is not on active service may apply for an appointment in the Air Force Reserve in the *same or equivalent grade* to that presently held. [Emphasis added.]

Therefore, pursuant to AFR 45–35, when plaintiff was transferred to the Air Force Reserve, effective December 14, 1950, he was given the same or equivalent grade of Captain, Air Force Reserve. However, before plaintiff could be considered for promotion above the grade of Captain, there were other requirements to be met.

AFR 45–5 set forth the following requirments for an officer to meet before he could be considered for promotion: (1) The officer must have the required number of years in grade; (2) for promotion to Major, the officer must have earned 175 inactive duty points while in the grade of Captain; (3) the officer must be recommended for pro-

motion. (AFR 45–5, paragraphs 2(f), 2(c) and 15(c) (1949).) The aforementioned AFR 45–5 defines "inactive duty points" as follows:

23. *Table of Active and Inactive Duty Points.* Officers of the Air Force Reserve and the Air National Guard may earn points for promotion purposes as follows:

a. One point for attendance at an authorized unit training assembly.

b. One point for each day of active duty, including extended active duty and active duty training.

c. One point for accomplishment of an authorized training period.

d. One point for participation in a period of equivalent training or instruction.

e. One point for accomplishment of a period of equivalent duty or appropriate duties.

f. One point for each three hours of extension courses, above pre-commissioning and indoctrination course level, satisfactorily completed.

g. One point for each four hours of flying time performed by rated personnel and recorded on the individual's AF Form 5, when such flying time is accomplished pursuant to completion of approved and published minimum maintenance of proficiency requirements for the reserve forces category to which the individual is assigned. Flying time credited as a point gaining activity for the purpose of this Regulation need not be accomplished in a continuous period or within any specified period of time.

h. One point for duty as instructor at:

(1) Authorized unit training assemblies.

(2) Authorized unit schools.

(3) Authorized assemblies of military personnel, other than unit training assemblies.

(4) Air Force Reserve Officers' Training Corps, Army Reserve Officers' Training Corps, or Naval Reserve Officers' Training Corps classes.

(5) CAP or Air Scouts of the Boy Scouts of America assemblies pursuant to an authorized course of instruction, when such duty is ordered by competent authority.

NOTE: Individuals will not be credited for instructional duty accomplished at an assembly for which he is being credited with attendance. This restriction will not affect credit for preparation.

i. One point for preparation of each hour of instruction, but not to exceed two points for preparation of any one instruction period. If the subject is presented more than once, additional points will not be credited for subsequent preparation.

\*     \*     \*     \*     \*     \*

As applied to the plaintiff, on July 1, 1951, he had met the years of service in grade requirement because of AFR 45–5, paragraph 22(b) which provided that years spent in grade in another branch of the Armed Forces would be credited to the officer for Air Force Reserve promotion purposes. However, due to the aforementioned error in record keeping, the plaintiff's personnel record showed less than one year of service in grade and, therefore, plaintiff was not considered for promotion in 1951.

Plaintiff, therefore, claims that he is entitled to back pay and accelerated promotions since the delay in his eventual promotions to Major and Lieutenant Colonel was due to the record-keeping errors.

Defendant, on the other hand, points out that plaintiff's grievance was considered by the Air Force Board for Correction of Military Records (hereinafter referred to as the "Board") which found that plaintiff was not entitled to the accelerated promotions and that furthermore plaintiff's petition fails to state a cause of action. Moreover, the defendant alleges that since the plaintiff accepted payment pursuant to the decision

of the Board he is barred from recovering on his claim under authority of 10 U.S.C. § 1552(c) (1964). However, because this court holds the action of the Board not arbitrary, capricious, or contrary to law, it is unnecessary to discuss defendant's second two contentions.

On January 9, 1963, the Board considered the plaintiff's claim for accelerated promotions and back pay and in its decision of the same day the Board found that plaintiff was not entitled to recover and, pursuant to 10 U.S.C. § 1552(a) (1964), that decision is final and conclusive. Therefore, even though it is not impossible for this court to overrule a decision of the Board,[1] cases are legion in the holding that such action will not be taken unless the action of the Board was arbitrary, capricious or unlawful. Wales v. United States, 130 F.Supp. 900, 132 Ct.Cl. 765 (1955), aff'd on rehearing, 145 Ct.Cl. 113 (1959); Sanford v. United States, 399 F.2d 693 (9th Cir. 1968); Stephens v. United States, 358 F.2d 951, 174 Ct.Cl. 365 (1966); Hoffman v. United States, 175 Ct.Cl. 457 (1966), cert. denied, 389 U.S. 843, 88 S.Ct. 88, 19 L. Ed.2d 108 (1967); Nealon v. United States, 175 Ct.Cl. 894, cert. denied, 385 U.S. 973, 87 S.Ct. 513, 17 L.Ed.2d 437 (1966).

■ The decision of the Board, holding that plaintiff was not entitled to the requested relief, was based upon the findings that, even though plaintiff's personnel records were in error as to his promotion service date, he did not meet either the second or the third requirement to entitle him to be considered for promotion. The second requirement was that the officer must have earned 175 "inactive duty points" and the third requirement was that the officer must be recommended for promotion by his immediate commanding officer (AFR 45–5, *supra*).

The Board found that plaintiff had not met the second requirement because

AFR 45–5 provided for inactive duty points earned *only* while in the Air Force Reserve and did not allow for the crediting of any such points earned while in another branch of the Armed Forces.[2] Accordingly, the holding of the Board is clearly supported by the statement of the Chief Secretariat, Air Reserve Personnel Center, that:

[In] addition, for promotion to Major, 175 points must have been earned while in the grade of Captain. No provisions were made for points earned in other Services. This officer did not earn the required points to be eligible for promotion until 30 January 1953. * * *.

■ The finding of the Board was, therefore, in the opinion of this court, in all respects correct. This was a construction by the Air Force of the effective regulations and this construction will not be disturbed. Cornman v. United States, 409 F.2d 230, 187 Ct.Cl. 486 (1969), cert. denied, 396 U.S. 960, 90 S.Ct. 435, 24 L.Ed.2d 424 (1969).

■ Furthermore, should this court find that the aforementioned inactive duty points were transferable and that, therefore, plaintiff could have been recommended for promotion pursuant to AFR 45–5, paragraph 15(c), the final decision on promotion is purely a matter of discretion as is indicated by the following language of AFR 45–5, at paragraph 13:

*Requirements for Promotion in the Air Force Reserve:* a. Officers of the Air Force Reserve *may* be promoted to the next higher grade (not above the grade of Colonel) when the requirements of this Regulation are met. [Emphasis supplied.]

In any event, we hold the action of the Board in promoting plaintiff to Major as of 1955 instead of an earlier date not to be arbitrary, capricious or contrary to law. As a consequence thereof plain-

1. *See,* Carlin v. United States, 100 F.Supp. 451, 121 Ct.Cl. 643 (1951); Dismuke v. United States, 297 U.S. 167, 56 S.Ct. 400, 80 L.Ed. 561 (1936).

2. *See,* AFR 45–5, paragraph 23.

tiff was not entitled to earlier consideration for promotion to the grade of Lieutenant Colonel.

■ With respect to plaintiff's contention that he should have been promoted to Colonel, as we indicated earlier, it is our opinion that promotion is completely a matter of discretion by the Secretary of the Air Force. AFR 45–5, then in effect, throughout its text uses the word "may" be promoted, or that the officer "will be *considered* for promotion" (AFR 45–5, at paragraphs 13(a) and 19(b); emphasis supplied). We, therefore, hold that officers of the Air Force Reserve have no right to be and are not automatically promoted.

Frequently courts have been asked to promote officers in the Armed Services. The answers have been uniform. For example, in Reaves v. Ainsworth, 219 U.S. 296, 306, 31 S.Ct. 230, 234, 55 L.Ed. 225 (1911), the Supreme Court stated:

> The courts have no power to review. The courts are not the only instrumentalities of government. They cannot command or regulate the Army. To be promoted or to be retired may be the right of an officer, the value to him of his commission, but greater even than that is the welfare of the country, and, it may be, even its safety, through the efficiency of the Army * * *.

Again, in Orloff v. Willoughby, 345 U.S. 83, 93–94, 73 S.Ct. 534, 540, 97 L.Ed. 842 (1953), the Supreme Court stated:

> We know that from top to bottom of the Army the complaint is often made, and sometimes with justification, that there is a discrimination, favoritism or other objectionable handling of men. But judges are not given the task of running the Army. The responsibility for setting up channels through which such grievances can be considered and fairly settled rests upon the Congress and upon the President of the United States and his subordinates. The military constitutes a specialized community governed by a separate discipline from that of the civilian. Orderly government requires that the judiciary be as scrupulous not to interfere with legitimate Army matters as the Army must be scrupulous not to intervene in judicial matters. * * *.

*See also,* Payson v. Franke, 282 F.2d 851 (1960), cert. denied, 365 U.S. 815, 81 S.Ct. 696, 5 L.Ed.2d 694 (1961); Woog v. United States, 48 Ct.Cl. 80 (1913); Plunkett v. United States, 58 Ct.Cl. 359 (1923); Goldstein v. United States, 130 F.Supp. 330, 131 Ct.Cl. 228, cert. denied, 350 U.S. 888, 76 S.Ct. 143, 100 L.Ed. 782 (1955); Donnelly v. United States, 134 F.Supp. 635, 133 Ct.Cl. 120 (1955); Johnson v. United States, 280 F.2d 856, 150 Ct.Cl. 747 (1960), cert. denied, 365 U.S. 882, 81 S.Ct. 1034, 6 L.Ed.2d 194 (1961); Awtry v. United States, 161 Ct.Cl. 681 (1963), cert. denied, 379 U.S. 929, 85 S.Ct. 324, 13 L.Ed. 2d 341 (1964); Chase v. United States, 159 Ct.Cl. 610 (1962); Hertzog v. United States, 167 Ct.Cl. 377 (1964).

■ We see nothing arbitrary, capricious or unlawful in the action of either the promotion board in not selecting plaintiff for promotion to Colonel, or the Board for Correction of Military Records and, therefore, defendant's motion for summary judgment is granted, plaintiff's motion is denied, and the petition is dismissed.