Browning, U. S. Atty., San Francisco, Cal., for defendants-appellees.

Before CHAMBERS, WRIGHT and TRASK, Circuit Judges.

PER CURIAM:

Appellant, a lieutenant commander of the United States Navy, brought action against the Secretary of the Navy for a declaratory judgment and for relief in the nature of mandamus.

Three months after being given command of a destroyer escort ship, assigned to duty in waters off Vietnam, appellant was relieved of command on March 31, 1966. A hearing was held, with appellant present and represented by counsel. The record was forwarded to the Chief of Naval Personnel who sustained the action, as did the Secretary of the Navy. This action was brought in December 1967, seeking to have the district court direct the Secretary of the Navy to convene a court of inquiry "or other appropriate hearing pursuant to U. S. Naval Regulations" to investigate the circumstances surrounding his relief from command. Appellant remains in active Navy service.

After reviewing the voluminous record, the district court concluded that the Navy's actions were internal, administrative matters involving the judgment of Naval Command concerning duty assignment and promotion under Vietnam War conditions, that the Navy acted in substantial conformance with regulations and well within the bounds of fundamental due process, and granted a motion for summary judgment of dismissal. Arnheiter v. Ignatius, 292 F.Supp. 911 (N.D.Cal.1968).

We affirm so much of the district court's opinion as holds that the federal courts have no jurisdiction.

"(J)udges are not given the task of running the Army. * * * The military constitutes a specialized community governed by a separate dis-

cipline from that of the civilian. Orderly government requires that the judiciary be as scrupulous not to interfere with legitimate Army matters as the Army must be scrupulous not to intervene in judicial matters." Orloff v. Willoughby, 345 U.S. 83, 93, 73 S. Ct. 534, 540, 97 L.Ed. 842.

*See also* E. Sherman, Judicial Review of Military Determinations, 48 Military L.Rev. 91 (1970).

Affirmed.

Cellous JACKSON, Plaintiff-Appellee,

v.

S/S ALCOA COMMANDER, her engines, tackle, furniture and apparel; and Alcoa Steamship Company, Inc., Defendants-Appellants.

No. 29824
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.
Dec. 9, 1970.

Ralph E. Smith, Christopher Tompkins, New Orleans, La., for defendants-appellants.

---

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New

York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Clifton S. Carl, New Orleans, La., for plaintiff-appellee.

Before GEWIN, GOLDBERG, and DYER, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

---

William Packnett, pro se.

Gerald J. Gallinghouse, U. S. Atty., Joseph R. McMahon, Jr., Asst. U. S. Atty., New Orleans, La., for respondent-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

**William PACKNETT, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 30384**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Dec. 7, 1970.

PER CURIAM:

Packnett appeals following the District Court's denial of his motion to vacate sentence under 28 U.S.C.A. § 2255. Only two of his contentions merit discussion: First, that the Youth Corrections Act, 18 U.S.C.A. §§ 5005–5026 violates the fifth and eighth amendments; and second, that he received ineffective assistance from trial counsel. In Guidry v. United States, 5 Cir. 1970, 433 F.2d 968, this Court recently reaffirmed its previous decision that the Youth Corrections Act is constitutional. There is no distinction between *Guidry* and the instant controversy.

In regard to the alleged inadequacies of counsel, Packnett has submitted no facts which, if true, would substantiate his claim. Williams v. Beto, 5 Cir. 1965, 354 F.2d 698, 704; *see* O'Neal v. Smith, 5 Cir. 1970, 431 F.2d 646; United States v. Long, 5 Cir. 1969, 419 F.2d 91, 94.

The District Court's order denying Packnett's motion to vacate sentence is

Affirmed.

1. See NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5 Cir. 1970).

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.