Mary S. GUTIERREZ, Plaintiff,

v.

Melvin L. LAIRD et al., Defendants.

Civ. A. No. 1347-71.

United States District Court, District of Columbia.

July 28, 1972.

Melvin L. Wulf, Joel M. Gora, ACLU, New York City, for plaintiff.

James F. Rutherford, James Corcoran, Asst. U. S. Attys., Washington, D. C., for defendants.

## MEMORANDUM OPINION AND ORDER

JOHN LEWIS SMITH, Jr., District Judge.

Plaintiff Mary Gutierrez is a first lieutenant in the United States Air Force. She was involuntarily discharged pursuant to Air Force Regulation 36–12(40) [hereinafter sometimes referred to as "the pregnancy rule"] and her request for a waiver was finally denied by the Secretary of the Air Force on June 10, 1971. In accord with Air Force Regulation 36–12(41) [hereinafter referred to as "the hearing rule"], she was denied a Disposition Board hearing. On August 7, 1971, the United States District Court for the District of Columbia enjoined Air Force orders compelling plaintiff's discharge and return to the United States from her overseas station in Incirlik, Turkey. The government appeal from the preliminary injunction was dismissed by the United States Court of Appeals on November 2, 1971. Plaintiff, who is currently serving in Wiesbaden, Germany, asks this Court to permanently enjoin her discharge from the Air Force and to declare AFR 36–12(40), and AFR 36–12(41) unconstitutional.

The case is here on cross motions for summary judgment. There are no material facts in dispute. The only questions before this Court are the constitutionality of the pregnancy rule and the hearing rule.

The Court's review of this case is tempered by the fact that "Judges are not given the task of running the Army." Orloff v. Willoughby, 345 U.S. 83, at 93–94, 73 S.Ct. 534, at 540, 97 L. Ed. 842 (1953). The Supreme Court has cautioned against "[The n]eedless friction that will result if civilian courts throughout the land are obliged to review comparable decisions of military commanders in the first instance." Noyd v. Bond, 395 U.S. 683, 694–696, 89 S.Ct. 1876, 1883, 23 L.Ed.2d 631 (1969). In Levy v. Corcoran, 128 U.S.App.D.C. 388, 389 F.2d 929, cert. den. 389 U.S. 960, 88 S.Ct. 337, 19 L.Ed.2d 369 (1967), this circuit recognized that the military is a specialized community in which the balance between freedom and discipline differs from that of civilian society. Only when the denial of freedoms is arbitrary, capricious, and irrational should the federal courts intervene in military matters.

Plaintiff argues that the denial of a Disposition Board hearing to officers with less than three years service deprives her of procedural due process and equal protection of the laws. The underlying premise of this claim is that plaintiff's career as an Air Force officer is a right which cannot be denied without due process of law.

Plaintiff cites Cafeteria and Restaurant Workers Union, Local 473 v. McElroy, 367 U.S. 886, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961) for the proposition that when one's right to practice a chosen profession is at stake, it must be balanced with the governmental interest in summary adjudication. Yet in that case, the Supreme Court recognized ". . . where it has been possible to characterize that private interest . . . as a mere privilege subject to the executive's plenary power, it has traditionally been held that notice and a hearing are not constitutionally required." It has always been recognized that the commissioning of officers in

the armed forces is a matter of Presidential discretion over which the courts have no control. Orloff v. Willoughby, *supra,* 345 U.S. at 90, 73 S.Ct. 534. No one can seriously dispute the fact that service as an officer in the armed forces of the United States is a privilege and not a right. Even that privilege is accorded the protections of due process when an officer faces a dishonorable discharge—and its attendant stigma—despite the administrative inconvenience of providing a hearing in every case. However, the same administrative burden is not warranted by the granting of an honorable discharge on any one of many grounds. By Act of Congress, plaintiff's commission as a probationary reserve officer may be withdrawn at "the pleasure of the President" without a due process hearing (10 U.S.C. §§ 1162, 1163). The relevant provisions of Title 10 of the U.S.Code read as follows:

Sec. 1162

(a) Subject to other provisions of this title, reserve commissioned officers may be discharged at the pleasure of the President . . .

and

Sec. 1163

(a) An officer of a reserve component who has at least three years of service as a commissioned officer may not be separated from that component without his consent except under an approved recommendation of a board of officers convened by an authority designated by the Secretary concerned, or by the approved sentence of a court martial.

The cases cited by plaintiff proscribing summary dismissal from public employment without the due process requirements of a hearing or inquiry all apply to civilian employees. Connell v. Higginbotham, 403 U.S. 207, 91 S.Ct. 1772, 29 L.Ed.2d 418 (1971) [school teachers]; Birnbaum v. Trussell, 371 F.2d 672 (2nd Cir., 1966 [doctor at public hospital]; Hunter v. City of Ann Arbor, 325 F.Supp. 847 (E.D.Mich., 1971) [city administrative employee]. For reasons outlined above, the same due process protections do not extend to the privileged status of an Air Force officer.

■ Plaintiff further argues that the hearing rule violates her Fifth Amendment right to equal protection of the laws since the classifications "probationary" and "non-probationary" bear no reasonable relation to the purposes behind the rule. The policy of affording officers who have completed the probationary period a certain amount of career protection not available to probationary officers is hardly irrational. The Air Force may well recognize a substantially greater commitment to the service on the part of a third year officer. In any event, there has been no showing by the plaintiff that the distinction between probationary and non-probationary officers is not reasonably related to the hearing rule. In the absence of such a showing, it cannot be said that the rule is unconstitutional on the grounds it creates an arbitrary discrimination.

■ The only remaining question is whether discharge on the grounds of pregnancy violates the provisions of the Constitution.

Plaintiff argues that AFR 36–12(40) discriminates against women in violation of equal protection under the Fifth Amendment by treating pregnancy, a temporary physical disability unique to women, as the basis for involuntary discharge. Her specific complaint is that the Air Force singles out pregnant women for discharge, yet it retains natural fathers, those who become parents by other than natural means,[1] and all Air

---

1. The original version of AFR 36–12(40) reads as follows:

> 40. Women Officers. Pregnancy or Minor Children. The Commission of any woman officer will be terminated with the least practicable delay when it is established that she:

> a) is the parent by birth or adoption of a child under 18 years of age;

> b) is the stepparent of a child under 18 years of age and the child is within her household for a period of more than 30 days a year;

Force personnel who suffer temporary physical illnesses.

Since the Supreme Court has yet to hold that sex is a suspect classification, the relevant standard of review is the "reasonableness test" set out by the Supreme Court in Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971): "[The distinction] must be reasonable, not arbitrary, and must rest upon some ground having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike."

The objectives of the regulation are to assure a manpower supply continuously available for worldwide service, and to guarantee the efficient administration of Air Force personnel. The Air Force has found that women are unable to perform their duties with equal dispatch when they are pregnant. Plaintiff contends that this conclusion is erroneous, since there is no evidence that pregnancy is more incapacitating than any other physical disability for which leave is routinely granted.[2] Although plaintiff cites the report of a Presidential commission and an Executive Order which establish that pregnancy is a temporary physical disability, she offers no evidentiary support for her objection to the mandatory discharge policy. In the absence of such proof, it cannot be said that the Air Force regulation, drawn from the hard data of experience with women officers, is arbitrary or unreasonable.

Discriminations based on sex have been upheld. The court in Gruenwald v. Gardner, 390 F.2d 591 at 592 (2nd Cir., 1968) cert. denied, 393 U.S. 982, 89 S.Ct. 456, 21 L.Ed.2d 445, in addressing the more favorable treatment accorded to women over men in the Social Security Act, stated:

[T]he two sexes are not fungible [citations omitted] and special recognition and favored treatment can constitutionally be afforded women [citations omitted]. It is only the "invidious discrimination" or the classification which is "patently arbitrary [and] utterly lacking in rational justification" which is barred by either the "due process" or "equal protection" clauses [citations omitted]. A classification or regulation on the other hand, "which is reasonable in relation to its subject and is adopted in the interests of the community is due process."

The most persuasive authority is Struck v. Secretary of Defense et al., 460 F.2d 1372 (U.S. Court of Appeals Ninth Circuit, decided November 15, 1971) upholding the identical Air Force regulation in the face of an equal protection challenge. There the court rejected plaintiff's equal protection argument on the grounds that "a relevant physical difference between males and females justifies their separate classification . . . .".

Plaintiff adds an additional factor to her equal protection argument. She contends that the Air Force fails to eliminate other obstacles to the objective of worldwide availability in allowing a deferment to expectant fathers. (AFR 36–11 para. 3–13b). Yet the analogy is *inappropriate since an expectant father presumably could be called for immediate duty, but a pregnant woman could hardly be dispatched overseas during the late stages of pregnancy and labor.*

---

c) has or assumes personal custody of any child under 18 years of age; or
d) has given birth to a living child.
This paragraph was eliminated in the spring of 1971, and the current version reads:
40. Women Officers—Pregnancy
a) *General.* A woman officer will be discharged from the service with the least practicable delay when a determination is made by a medical officer that she is pregnant.

2. AFR 36–11 para. 3–13 grants to all Air Force personnel leave for up to one year for temporary physical disabilities.

■ Plaintiff argues that the pregnancy rule is invalidated by Executive Order 11478, which prohibits sex discrimination in federal employment. Exec. Order No. 11478, 34 Fed.Reg. 3983 (1969). The argument is without merit. The Order is expressly inapplicable to the military since on its face it covers only "employment . . . and treatment of civilian employees of the federal government." *Id.*, Sec. 1.

■ Plaintiff relies on the line of cases beginning with Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965) for her argument that the pregnancy rule violates her right to privacy protected by the Ninth Amendment. Yet, unlike Griswold, in which the plaintiff was precluded from exercising her right not to have children by a state law banning contraceptives, the pregnancy rule does not interfere with the choice to bear children. Plaintiff is free to exercise that choice, but she may not simultaneously opt for the privileged career of an Air Force officer.

■ Finally, plaintiff contends that AFR 36–12(40) abridges her constitutional right to freedom of religion since it forces her to choose an abortion in violation of her Roman Catholic faith or be discharged from the Air Force. This contention has no merit. The pregnancy rule is purely an administrative classification. The Supreme Court has established that where a military administrative classification is not designed to interfere with any religious beliefs and does not penalize any theological position, it does not violate the free exercise clause. Gillette v. United States, 401 U.S. 437, 91 S.Ct. 828, 28 L.Ed.2d 168 (1971).

Accordingly, the Court finds that plaintiff has failed to sustain the burden of proving that AFR 36–12(40) is arbitrary or irrational.