**Lieutenant Doreen Jean TWO, U.S.N.,**
**Plaintiff-Appellant,**

v.

**UNITED STATES of America et al.,**
**Defendants-Appellees.**

**No. 72-1339.**

United States Court of Appeals,
Ninth Circuit.

Dec. 21, 1972.

Richard L. Pitt (argued), of Patrick, Zylastra & Pitt, Oak Harbor, Wash., for plaintiff-appellant.

Robert E. Kopp, Atty. (argued), Morton Hollander, Atty., Washington, D. C., William H. Rubidge, Asst. U. S. Atty., Stan Pitkin, U. S. Atty., Seattle, Wash., for defendants-appellees.

Before CHOY and GOODWIN, Circuit Judges, and SOLOMON,* District Judge.

PER CURIAM:

Lt. Doreen Jean Two challenges her discharge from the United States Navy on the ground that the statutory scheme for the discharge of Navy officers discriminates against women.

The facts are not in dispute. Lt. Two entered the Navy in 1957. In 1959, she was promoted to the rank of lieutenant. In 1968, 1969 and 1970 she was considered, and rejected, for promotion to lieutenant commander. In 1970, after she had completed 13 years of active service, the Navy notified her that she would be honorably discharged under 10 U.S.C. § 6401. She sought injunctive relief in the district court. Summary judgment was granted against her.

Section 6401 provides that a woman lieutenant will be discharged on June 30 of the fiscal year in which: "(1) she is not on a promotion list; and (2) she has completed 13 years of active commissioned service in the Navy . . . ." Any officer discharged under this section is entitled to a lump-sum payment, not in excess of $15,000, equal to 24 times her basic monthly pay at the time of discharge. Section 6382 governs the discharge of male officers. It provides that a male officer will be discharged on June 30 of the fiscal year in which he was passed over for promotion a second time. A male officer is entitled to a similar lump-sum payment upon discharge.

Lt. Two contends that the statutory scheme discriminates against women because it requires a male officer to be considered for promotion at least twice before being discharged while a woman is discharged after 13 years of service even if she has been considered for promotion only once. She also contends that a woman officer must work 13 years before being eligible for her lump-sum payment while a man must work only 8 to 10 years.[1]

■ Lt. Two must show that the statute is unconstitutional as applied to her before it can be declared unconstitutional. See United States v. Raines, 362 U.S. 17, 80 S.Ct. 519, 4 L.Ed.2d 524 (1960); Tyler v. Judges of the Court of Registration, 179 U.S. 405, 21 S.Ct. 206, 45 L.Ed. 252 (1900). Lt. Two has been considered and passed over for promotion three times. She has failed to show that she has been treated less favorably than she would have been treated had she been a male officer, who, under Section 6382, is considered for promotion on only two occasions and, if not promoted, is discharged after 8 to 10 years of service.

■ Having completed 13 years of service, Lt. Two is entitled to a lump-sum payment on discharge. She asserts that, had she been a man, she would have been entitled to this payment at an earlier date. Because she has already served 13 years, the issue is moot.

■■ Lt. Two also contends that she has a right to an administrative hearing prior to her discharge. There is no merit in this contention. Lt. Two has a post-discharge hearing available to her. 10 U.S.C. § 1552; see Sohm v. Fowler, 124 U.S.App.D.C. 382, 365 F.2d 915 (1966). A pre-termination hearing is not always required. Goldberg v. Kelly, 397 U.S. 254, 263, 90 S.Ct. 1011, 25 L. Ed.2d 287 (1970).

Affirmed.

---

* Honorable Gus J. Solomon, United States District Judge, District of Oregon, sitting by designation.

1. The record indicates that male officers are subject to discharge under Section 6382 after approximately 8 to 10 years of service.