**James R. SCHLESINGER, Secretary of Defense, et al.**

**Civ. No. B–74–661.**

United States District Court, D. Maryland.

July 15, 1974.

Autry N. Noblitt, Oxon Hill, Md., for plaintiff.

George Beall, U.S. Atty., and Gerard P. Martin, Asst. U.S. Atty., Baltimore, Md., for defendants.

BLAIR, District Judge.

This case is before the court on the motion of plaintiff, a reserve officer on active duty in the United States Air Force, for a preliminary injunction to enjoin his involuntary separation from active duty and on the government's motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure. On June 25, 1974, Chief Judge Northrop of this court issued a temporary restraining order enjoining the defendants from separating Captain Dowler from active duty with the Air Force, which had been scheduled to take effect on June 28, 1974. Following that action, the Air Force extended plaintiff on active duty until July 15, 1974. Jurisdiction is properly founded on 28 U.S.C. § 1361. For reasons to be stated, the court denies the requested injunction and grants defendants' motion to dismiss, which the court treats as a motion for summary judgment under Rule 56, Fed.R.Civ.P.

The court will accept as true for the purposes of the motion to dismiss plaintiff's allegations of fact. He has a total of sixteen and a half years on active duty with the Air Force, approximately eleven as an enlisted man and the remaining time as an officer. At present, he is serving with the 6591st Computer Service Squadron at Andrews Air Force Base, Maryland. In March of 1974, Captain Dowler was notified by letter that he had been selected by a Reserve Officer Screening Board to be involuntarily released from active duty as a result of a congressionally-mandated Reduction in Force (RIF). The process for selection of all such officers, 443 in all, was initiated pursuant to Public Law 93–155, Department of Defense Appropriation Authorization Act, 1974.

In accordance with routine procedures, Captain Dowler was notified that he could file a request for reconsideration, or a reclama, as it is known, which he did. The court was advised at the hearing that reclamas are intended to prevent hardship as a result of untimely discharge.[1] In his reclama, Captain Dowler contended that errors in his records contributed to his selection for discharge and asserted in general that separation would be a hardship. At the hearing, it developed that the principal error he complained of appeared to be an error in his favor—that he had attained a level of proficiency in his specialty that he had not yet in fact attained. The reclama was denied. He was subsequently notified that the proper forum in which to seek correction of the alleged errors would be the Air Force Board for the Correction of Military Records. No application was made to the Board and this suit was filed.

The government grounds its motion to dismiss primarily upon the failure of plaintiff to exhaust his administrative remedies by seeking relief from the Air Force Board for the Correction of Military Records. It is true that such an administrative avenue is open to plaintiff which, if pursued, could result in adequate relief. 10 U.S.C. § 1552, Air Force Regulations 31–3. On the claim stated this would be sufficient to preclude the grant of relief which plaintiff seeks at this time. Reed v. Franke, 297 F.2d 17 (4th Cir. 1961); Two v. United States, 471 F.2d 287 (9th Cir. 1972); compare Sims v. Fox, 492 F.2d 1088 (5th Cir. 1974). However, for the reasons to be discussed, the court is of

---

1. For example, if the serviceman's wife is expecting a child, or if he or a member of his family is under treatment for an illness, the Air Force might extend the serviceman on active duty until his wife delivers or the treatment is completed. The intention is to avoid unnecessary hardship.

the opinion that plaintiff has failed generally to state a claim upon which relief may be granted and therefore the court will address the claim from this perspective.

■ To begin, "judges are not given the task of running the [armed forces]. The responsibility for setting up channels through which such grievances can be considered and fairly settled rests upon the Congress and upon the President of the United States and his subordinates." Orloff v. Willoughby, 345 U.S. 83, 93–94, 73 S.Ct. 534, 540, 97 L.Ed. 842 (1953). The courts will review routine separations from active duty only if plaintiff asserts a meritorious constitutional violation or if he alleges failure on the part of the authorities to comply with applicable statutes and the dictates of their own regulations, and then only after he exhausts his available administrative remedies. Mindes v. Seaman, 453 F.2d 197, 201 (5th Cir. 1971).

■ The complaint may be read as raising two claims: first, that plaintiff is being denied his constitutional rights of due process and equal protection and, second, that the Air Force breached its employment contract with him by releasing him prior to the date of expiration of his obligated service. He does not claim nor does it appear that his separation is otherwise in violation of any statute or regulation. With respect to his constitutional claims, he asserts that those Air Force personnel separated for *cause* are afforded the full array of due process safeguards, including notice, hearing and assistance of counsel, while those with unblemished records separated for the convenience of the service are denied those rights. Essentially this contention is correct. Where stigma attaches, due process must be afforded. Peppers v. United States Army, 479 F.2d 79 (4th Cir. 1973); *see generally* Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). "For '[w]here a person's good name, reputation, honor, or integrity is at stake because of what the government

is doing to him, notice and an opportunity to be heard are essential.' Wisconsin v. Constantineau, 400 U.S. 433, 437, 91 S.Ct. 507, 27 L.Ed.2d 515." *Id.* at 573, 92 S.Ct. at 2707. *See also* Sims v. Fox, 492 F.2d 1088, 1092 (5th Cir. 1974). Service as an officer in the armed forces is a privilege rather than a right. When that privilege is terminated for cause with attendant stigma, due process must be observed. *See* Gutierrez v. Laird, 346 F.Supp. 289, 291 (D.D.C.1972); *see generally* McNeill v. Butz, 480 F.2d 314, 325 (4th Cir. 1973).

■ Here Captain Dowler is not receiving "a flawed passport back to civil life" as did the plaintiff in *Sims*. 492 F.2d at 1091. Unlike those separated for cause, the detriment he will suffer is not of sufficient magnitude to require that he be afforded a hearing before separation. He suffers only that generalized disability suffered by all whose employer, for reasons beyond his control, must effect a reduction in work force. The Fifth Amendment's Due Process Clause does not require that those separated for cause and those separated without fault for the convenience of the government be treated alike. Thus, the courts will refrain from interfering with the routine exercise by the Service Secretaries of their powers to promote or separate military officers so long as the procedures used do not contravene any applicable statute or regulations. Payson v. Franke, 108 U.S.App.D.C. 368, 282 F.2d 851 (1960).

It is well-established law that military officers serve at the pleasure of the President and have no constitutional right to be promoted or retained in service and that the services of an officer may be terminated with or without reason. Reaves v. Ainsworth, 219 U.S. 296, 306, [31 S.Ct. 230, 55 L.Ed. 225] (1911); Orloff v. Willoughby, 345 U.S. 83, 93–94, [73 S.Ct. 534, 97 L.Ed. 842] (1953); Cortright v. Resor, 447 F.2d 245, 253–254 (2d Cir. 1971); Arnheiter v. Chafee, 435 F.2d 691 (9th Cir. 1970); Mul-

donian v. United States, 432 F.2d 443, 447, [193 Ct.Cl. 99] (1970); Payson v. Franke, [108 U.S.App.D.C. 368] 282 F.2d 851, 854 (1960).

Pauls v. Secretary of the Air Force, 457 F.2d 294, 297 (1st Cir. 1972). The court concludes that Captain Dowler has not been denied any constitutional right.

■ The second point raised in the complaint—that his release from active duty prior to the expiration of his obligated service constituted a breach of contract—is likewise without merit. Captain Dowler contends that he incurred an obligation to the Air Force to remain on active duty until August 10, 1977 as a result of the education program in which he participated.[2] He further claims that since he was obligated to the Air Force, the Air Force must be obligated in contract to him. Such is not the case, however. It is a long established principle that there is "[n]o right in contract to public office." Crenshaw v. United States, 134 U.S. 99, 104–108, 10 S.Ct. 431, 33 L.Ed. 825 (1890). *See also* Chambers v. United States, 451 F.2d 1045, 1066–1071, 196 Ct.Cl. 186 (1971) (dissenting opinion); McNeill v. Butz, 480 F.2d 314 (4th Cir. 1973). Even if a contract right had been found, it would not avail Captain Dowler. The contract on which he relies, Air Force Form 56, states that he would accept an appointment as an officer in the Reserve of the Air Force and would remain on active duty as a commissioned officer for "the period prescribed in AFR 36–22 or 36–51 on the date of his application, unless sooner relieved by competent authority." Clearly, the Air Force reserved the right to terminate his services as a commissioned officer at will. Thus, his claim based on breach of contract must also fail.

■ In considering the government's motion to dismiss for failure to state a claim upon which relief can be granted, the court looked to matters outside the pleadings, including various exhibits submitted by the government and testimony proffered at the hearing on plaintiff's motion for a preliminary injunction. Hence, the motion shall be treated as one for summary judgment under Rule 56, Fed.R.Civ.P. In this connection, it must be noted that at the conclusion of the hearing plaintiff's attorney in response to the court's question indicated that he had nothing further which could be presented in opposition to the government's motion to dismiss.

Accordingly an order will be entered separately denying the plaintiff's motion for preliminary injunction and granting the government's motion to dismiss for failure to state a claim upon which relief can be granted, treated by this court as a motion for summary judgment.

---

2. Under the program—the Airmen Education and Commissioning Program (AECP)—he was required to serve two years on active duty for every one year of education he received at Air Force expense.