**Joseph R. LANE**

v.

**SECRETARY OF the ARMY and Commanding Officer, Fort George G. Meade, Maryland.**

**Civ. No. T–79–226.**

United States District Court, D. Maryland.

May 1, 1980.

Luther C. West, West, Frame & Bernstein, Baltimore, Md., for plaintiff.

Russell T. Baker, Jr., U. S. Atty., and Herbert Better, Asst. U. S. Atty., Baltimore, Md., and Buren R. Shields, III, Major, JAGC, Office of Judge Advocate General, Dept. of Army, Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

THOMSEN, Senior District Judge.

Plaintiff is a former Army officer who was twice passed over for promotion to the rank of Major. As a result of the second non-selection for promotion he was honorably discharged from the Army under the provisions of 10 U.S.C. § 3303(d). In this action plaintiff alleges that the Army violated his rights to due process and equal protection for the following reasons:

1. Army promotion boards meet in secret, their deliberations are not recorded, and no reasons are given in support of their decisions;

2. the officers being considered by the promotion board are not given a hearing before the board;

3. Army promotion boards favor West Point graduates (which plaintiff is not) over those who are not West Point graduates in selecting officers for promotion.

On March 30, 1979, this court, with the consent of both parties, ordered proceedings stayed pending a determination of plaintiff's claim by the Army Board for Correction of Military Records (ABCMR). After considering plaintiff's application, his military record and data pertaining to the promotion of West Point graduates versus non-West Point officers,[1] ABCMR denied plaintiff's claim.

The case is presently before the court on the motion of the Secretary of the Army to dismiss, or in the alternative for summary judgment. The relevant facts are not disputed. The court has considered the briefs submitted by both parties and the authorities cited therein; neither side has requested a hearing.

▬ Defendant's first argument is that plaintiff's claim presents a nonjusticiable controversy under the teaching of *Baker v.*

1.  Selection of Major, RA, 1978

| | Considered | Selected | Percent |
|---|---|---|---|
| USMA | 247 | 211 | 85.4% |
| Non-USMA | 1634 | 1152 | 70.5% |
| Total | 1881 | 1363 | 72.5% |

Source of Commission for Selection Board Members

| | USMA | ROTC | OCS | OTHER | TOTAL |
|---|---|---|---|---|---|
| 1977 | 3 | 8 | 2 | 2 | 15 |
| 1978 | 3 | 10 | 1 | 1 | 15 |

*Carr*, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962). In *Bluth v. Laird*, 435 F.2d 1065, 1070–71 (4 Cir. 1970), the court said:

We are fully mindful of the restricted role of the judiciary with respect to the internal affairs of the Army as exemplified by such decisions as *Orloff v. Willoughby* [345 U.S. 83, 73 S.Ct. 534, 97 L.Ed. 842 (1953)]; *Reaves v. Ainsworth*, 219 U.S. 296, 31 S.Ct. 230, 55 L.Ed. 225 (1911); *Winters v. United States*, 412 F.2d 140 (9 Cir. 1969), cert. den., 396 U.S. 920, 90 S.Ct. 248, 24 L.Ed.2d 200 (1969); *Byrne v. Resor*, 412 F.2d 774 (3 Cir. 1969); *United States ex rel. Schonbrun v. Commanding Officer*, 403 F.2d 371 (2 Cir. 1968), cert. den., 394 U.S. 929, 89 S.Ct. 1195, 22 L.Ed.2d 460 (1969); *Noyd v. McNamara*, 378 F.2d 538 (10 Cir. 1967), cert. den., 389 U.S. 1022, 88 S.Ct. 593, 19 L.Ed.2d 667 (1967); *Luftig v. McNamara*, 126 U.S.App.D.C. 4, 373 F.2d 664 (1967), cert. den., 387 U.S. 945, 87 S.Ct. 2078, 18 L.Ed.2d 1332 (1967); *Payson v. Franke*, 108 U.S.App.D.C. 368, 282 F.2d 851 (1960), cert. den. sub nom. *Robinson v. Franke*, 365 U.S. 815, 81 S.Ct. 696, 5 L.Ed.2d 694 (1961). It is, as characterized in *Feliciano v. Laird*, 426 F.2d 424, 427 (2 Cir. 1970), "extraordinarily limited."

It is true that courts have found some claims involving military affairs justiciable under limited circumstances; *e. g.*, in *Bluth*, the court found the claim justiciable because the Army had violated its own regulations. In *Mindes v. Seaman*, 453 F.2d 197, 201 (5 Cir. 1971), after reviewing many cases, the court stated the applicable rule to be:

. . . a court should not review internal military affairs in the absence of (a) an allegation of the deprivation of a constitutional right, or an allegation that the military has acted in violation of applicable statutes or its own regulations, and (b) exhaustion of available intraservice corrective measures. The second conclusion, and the more difficult to articulate, is that not all such allegations are reviewable.

In the instant case plaintiff (a) has alleged that his constitutional rights have been violated by the promotion process, and (b) has exhausted his administrative remedies. Therefore plaintiff has presented a justiciable, though not necessarily reviewable, claim.

The *Mindes* court stated the proper procedure for determining whether a claim is reviewable:

A district court faced with a sufficient allegation must examine the substance of that allegation in light of the policy reasons behind nonreview of military matters. In making that examination, such of the following factors as are present must be weighed (although not necessarily in the order listed).

1. The nature and strength of the plaintiff's challenge to the military determination. Constitutional claims, normally more important than those having only a statutory or regulatory base, are themselves unequal in the whole scale of values . . .

2. The potential injury to the plaintiff if review is refused.

3. The type and degree of anticipated interference with the military function. Interference per se is insufficient since there will always be some interference when review is granted, but if the interference would be such as to seriously impede the military in the performance of vital duties, it militates strongly against relief.

4. The extent to which the exercise of military expertise or discretion is involved. Courts should defer to the superior knowledge and experience of professionals in matters such as promotions or orders directly related to specific military functions.

Postponing for the moment a consideration of the first factor set out in *Mindes*, it is clear that the potential injury to plaintiff if review is denied is not insubstantial. Plaintiff has been discharged from the Army, and no further administrative remedies are available to him. The second factor goes onto the scales on plaintiff's side.

It is equally clear that the third and fourth factors weigh heavily against judicial intervention. The promotion and duty status of soldiers have been recognized to be in an area necessarily left to the discretion of the military.

Recognizing that it is not the business of the courts to run the military establishments, courts have shown extreme reluctance to interfere with the military's lawful exercise of its discretion over internal management matters. (citations omitted) This deference is at its highest when the military, pursuant to its own regulations, effects personnel changes through the promotion or discharge process. (citations omitted) The logic of these cases is that, given the special circumstances in which the military must operate, the courts are ill-equipped to resolve controversies arising from the use of discretionary powers specifically designed to provide military authorities with the freedom and flexibility needed to establish and maintain a well-trained and well-disciplined armed force.

*Dilley v. Alexander,* 603 F.2d 914, 919–20 (D.C.Cir.1979).

The promotion of an officer in the military service is a highly specialized function involving military requirements of the service and the qualifications of the officer in comparison with his contemporaries, plus expertise and judgment possessed only by the military.

*Brenner v. United States,* 202 Ct.Cl. 678, 693–94 (1973), *cert. denied,* 419 U.S. 831, 95 S.Ct. 54, 42 L.Ed.2d 56 (1974).

This brings us to a consideration of the first factor cited in *Mindes*: the nature and strength of plaintiff's claims. In this case plaintiff has alleged that the procedures of the Army promotion board violated his due process and equal protection rights.

■ To maintain a due process claim plaintiff must show that a liberty or property interest has been infringed. *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Plaintiff's liberty

interest has not been violated by the mere fact that he has been honorably discharged; there has been no publication of the reason for the discharge, and no stigma attaches to an honorable discharge. See *Knehans v. Alexander,* 566 F.2d 312 (D.C.Cir.1977), *cert. denied,* 435 U.S. 995, 98 S.Ct. 1646, 56 L.Ed.2d 83 (1978); cf. *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976).

■ Plaintiff has also failed to show a property interest sufficient to trigger the protections of due process. Army officers have no claim to continued employment; under 10 U.S.C. § 3303, their expectation of continued employment is severely limited by the "up or out" promotion system. In *Pauls v. Secretary of the Air Force,* 457 F.2d 294, 297 (1 Cir. 1972), the court stated:

It is well-established law that military officers serve at the pleasure of the President and have no constitutional right to be promoted or retained in service and that the services of an officer may be terminated with or without reason. *Reaves v. Ainsworth,* 219 U.S. 296, 306, 31 S.Ct. 230 [233–234], 55 L.Ed. 225; *Orloff v. Willoughby,* 345 U.S. 83, 93–94, 73 S.Ct. 534 [540], 97 L.Ed.2d 842; *Cortright v. Resor,* 2 Cir., 447 F.2d 245, 253–254; *Arnheiter v. Chafee,* 9 Cir., 435 F.2d 691; *Muldonian v. United States,* 432 F.2d 443, 447, 193 Ct.Cl. 99; *Payson v. Franke,* 108 U.S.App.D.C. 368, 282 F.2d 851, 854.

■ Plaintiff has alleged that the promotion board's favoritism of West Point graduates violates his equal protection of rights.[2] No fundamental right or suspect class is involved in the present case. Assuming for the purposes of the motion that a classification exists as alleged by plaintiff (despite the figures shown in note 1 above), the proper test is whether a rational basis exists for the classification. See *Johnson v. Robison,* 415 U.S. 361, 374–75, 94 S.Ct. 1160, 1169–1170, 39 L.Ed.2d 389 (1974). In reviewing a generally similar claim made by a probational Air Force officer that he had

---

2. The concept of equal protection is recognized to apply to the Federal Government through the Fifth Amendment. *Bolling v. Sharpe,* 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954).

been improperly discharged, the court in *Ampleman v. Schlesinger*, 534 F.2d 825, 829 (8 Cir. 1976) stated:

> ... the rational basis for the distinction is clear, and lies in the necessity for the armed services to control and govern, each according to his duties, his experience, and his service, those who come within the sphere of its military operations. Equal protection does not demand that all in the armed services, from recruit to veteran, stand on par with respect to their service rights, duties, obligations, and the disciplines applicable thereto.

■ This court concludes that plaintiff has failed to allege a violation of a right protected by the Equal Protection Clause of the Constitution.

After considering the nature and strength of plaintiff's claim, the potential injury to plaintiff, the type and degree of interference with the military, and the extent to which the exercise of military expertise or discretion is involved, the court determines that review of plaintiff's claim is not warranted. Having considered the exhibits submitted by defendant annexed to his memorandum, the court will treat the motion to dismiss as a motion for summary judgment.

The motion of the Secretary of the Army for summary judgment is hereby granted.