Hay, Judge,
delivered the opinion of the court:
The plaintiff was a chief pay clerk in the United States Navy when he received a temporary appointment as assistant paymaster with the rank of ensign from July 1, 1917, and was advanced in rank to lieutenant to date from July 1,1918, and continued to serve as lieutenant with temporary rank until his temporary appointment was revoked by the President.
The statute which authorized his temporary appointment was the act of May 22,1917,40 Stat. 84, and reads as follows:
“Sec. 4. Additional commissioned officers in the Navy and Marine Corps, based upon the temporary increases herein authorized in the number of enlisted men, shall be *30 temporarily appointed by the President, in his discretion, with the advice and consent of the Senate, * * *.
“Sec. 8. That all temporary appointments or advancements authorized by this act shall continue in force only until otherwise directed by the President or until Congress shall annul or repeal the authorization for the increases herein provided and not later than six months after the termination of the present war.”
Under the provision of the foregoing act the President had the authority, with the advice and consent of the Senate, to appoint the plaintiif to a temporary office; and he also had the authority to continue the plaintiff in his temporary office until he (the President) should direct otherwise. There is no limitation upon the power of the President to revoke the temporary appointments when they have been made; he can exercise his power at any time; but when once the power is exercised he can not again make a temporary appointment except in the manner prescribed by the statute — that is, with the advice and consent of the Senate.
The plaintiff was on August 28, 1918, called before a retiring board. When so called he was chief pay clerk in the Navy, and was also a lieutenant in the Navy by temporary appointment by virtue of the provisions of the statute above cited. The retiring board on August 28, 1918, found that the plaintiff was physically incapacitated for service; that said incapacity was permanent; and that it was incurred in the line of duty as a result of an incident of the service prior to his temporary appointment. The findings of the retiring board were forwarded to the President, who, under the law, is given the authority to approve or disapprove them, and who alone can direct that the officer shall be placed upon the retired list.
Subsequent to the action of the retiring board, and before its findings were passed upon by the President, on October 25, 1918, the President revoked the temporary appointment of the plaintiff in a letter dated October 25, 1918, which letter is set out in full in Finding I.
On November 20, 1918, the President approved the findings of the retiring board, and by direction of the President *31 the plaintiff was placed on the retired list as a chief pay clerk. The plaintiff was notified of said retirement on December 17,1918.
On August 19, 1919, the Secretary of the Navy advised the plaintiff in a letter of that date that the action of the department in transmitting to him its letter of October 25, 1918, purporting to revoke his temporary appointment as lieutenant in the Navy in order to retire him in his former rank was illegal, and that said letter was revoked. The letter further advised the plaintiff that he was to regard himself as having been transferred to the retired list of the Navy in the temporary grade and rank held by him — that is, assistant paymaster with rank of lieutenant.
Whereupon the plaintiff made a claim for payment as of the rank of lieutenant from November 1, 1918, to the Auditor of the Navy Department. The auditor disallowed the claim and the Comptroller of the Treasury affirmed the auditor’s decision. The plaintiff has brought suit in this court to recover the sum of $2,859.56, the difference in his pay on the retired list as chief pay clerk and lieutenant in the Navy.
There is no doubt that if the plaintiff at the time of his retirement had been a lieutenant in the Navy of the United States, although only holding a temporary appointment to such office, he would have been entitled under the law to have been retired as a lieutenant. (See section 9, act of May 22, 1917, 40 Stat. 86.)
The case therefore turns upon the question, Was the plaintiff at the time of his retirement a lieutenant in the Navy?
By section 4 of the act of May 22, 1917, he was given the appointment of assistant paymaster with the rank of ensign, and by service had in July 1, 1918, attained the rank of lieutenant in the Navy. When he was called before the retiring board on August 28, 1918, he still was holding the office of assistant paymaster with the rank of lieutenant, and when that board made its findings he was a temporary assistant paymaster, and the board decided “ that Assistant Paymaster (T) Carl E. Beaty, U. S. Navy (chief pay clerk, *32 IT. S. Navy), is incapacitated for service, etc.” (See findings of the board, set out in Finding I.) But on October 25, 1918, the Secretary of the Navy, by direction of the President, informed the plaintiff that his temporary appointment was revoked, and by this revocation the plaintiff reverted to his status as chief pay clerk, United States Navy, and on November 20, 1918, he was placed on the retired list as chief pay clerk by order of the President. After the plaintiff was thus placed upon the retired list as chief pay clerk the Secretary of the Navy undertook to declare that the action of the President in revoking the temporary appointment of the plaintiff was illegal, and that in effect the plaintiff’s temporary appointment had never been revoked, but that he was in fact a lieutenant and not a chief pay clerk when he was placed upon the retired list. The records show that the temporary appointment of the plaintiff was revoked by “ the direction of the President.” It is beyond question that the President had the power to revoke at any time any temporary appointment made under the act of May 22,1917. There was nothing illegal in the action of the President. He had the power to revoke, and exercised it, and having exercised it, the plaintiff ceased to be a temporary assistant paymaster and reverted at once to his status of chief pay clerk. The only way in which he could have been restored to his temporary office was by a new appointment made in accordance with the provisions of the statute. This was not done by the President. United States v. Corson, 114 U. S. 619; Mimmack v. United States, 97 U. S. 426. It follows that the Secretary of the Navy could not by a departmental letter do what the President himself could not. The plaintiff at the time of his retirement not being a lieutenant in the Navy could not be retired as such, and therefore is not entitled to the additional pay which he claims.
The petition must be dismissed. It is so ordered.
Graham, Judge; Downet, Judge, and Campbbeu, Chief Justice, concur.