**Edward White RAWLINS**

v.

**The UNITED STATES.**

**No. 456–79C.**

United States Court of Claims.

Nov. 19, 1980.

Alan S. Weitz, Washington, D. C., attorney of record, for plaintiff; Ginsburg, Feldman, Weil & Bress, Washington, D. C., of counsel.

Virginia I. Bradley, Washington, D. C., with whom was Asst. Atty. Gen. Alice Daniel, Washington, D. C., for defendant; Captain D. L. Hitchcock, USMCR, of counsel.

Before SKELTON, Senior Judge, and KASHIWA and KUNZIG, Judges.

## ON DEFENDANT'S MOTION TO DISMISS

KUNZIG, Judge:

This military pay case comes before the court on defendant's motion to dismiss for failure to state a claim upon which relief can be granted. Plaintiff retired from the United States Navy in 1951, holding the rank of commander. He alleges that he was wrongfully denied advancement to the rank of captain. He now seeks back pay in an amount equal to the difference in salary and retirement pay between what he has actually received and the amount which he would have received had he been promoted to the rank of captain at an appropriate time. The Government maintains that this court is without jurisdiction to entertain plaintiff's claim. We hold for plaintiff. This court has jurisdiction.

Plaintiff graduated from the United States Naval Academy in 1924. He thereafter advanced steadily, ascending to the rank of commander shortly after this country's entrance into World War II. Plaintiff received several war-related commendations and, until his retirement, consistently received fitness reports rating him better-than-average to excellent in the performance of his duties. Yet he never received promotion to the rank of captain.

Of a total of 2,740 Navy commanders considered for promotion to captain during World War II, only 151 were not selected. With the exception of plaintiff, all wartime commanders of better-than-average competency were promoted to captain. Plaintiff has consistently maintained that his failure to obtain promotion was the result of improper actions within the Navy. Since 1947, he has been seeking vindication.

Plaintiff first made repeated efforts within the Department of the Navy but was continually rebuffed.

In 1969, a private bill for the relief of plaintiff was introduced in the Senate and referred to the chief commissioner of the Court of Claims for a report pursuant to 28 U.S.C. §§ 1492 and 2509 (1976).[1] In his report, the chief commissioner stated that plaintiff "suffered non-promotion to the grade of captain as a probable consequence of improper and inequitable actions within the Department of the Navy" and "that there is equitably due the plaintiff a retroactive promotion to the grade of captain". *Rawlins v. United States*, 197 Ct.Cl. 972, 1017 (1972).[2]

In response, bills were introduced in Congress to award plaintiff his desired relief. Because of a provision in the House rules preventing the House from considering private bills for the correction of military records, the bill ultimately passed did not provide for direct relief. Instead, the Ninety-Fifth Congress enacted Private Law 95–60, authorizing the Court of Claims formally to adjudicate Rawlins' allegation of wrongful non-promotion and to award appropriate *monetary* relief. The law said nothing about the granting of a retroactive promotion as a remedy.

Private Law 95–60 provides in pertinent part:

1. Twenty-two different legislative proposals were introduced in Congress on Rawlins' behalf during the 25 years prior to and including 1978.

2. No judge of the United States Court of Claims ever sat on this case or had any connection with it. The action of the chief commissioner is totally separate and independent under the law.

... [N]otwithstanding any statute of limitations pertaining to suits against the United States, or any lapse of time, or bars of laches, jurisdiction is hereby conferred upon the United States Court of Claims to hear, determine, and render judgment upon any claim of Commander Edward White Rawlins, United States Navy (retired) ... arising out of his claim for retroactive active-duty pay and allowances and retirement pay due him as a result of nonpromotion to the grade of captain, such nonpromotion allegedly being the probable consequence of improper and inequitable actions within the Department of the Navy.

... Nothing in this Act shall be construed as an inference of liability on the part of the United States. Except as otherwise provided in this Act, proceedings for the determination of such claim and review and payment of any judgment or judgments on such claim shall be had in the same manner as in the case of claims over which such court has jurisdiction under Section 1491 of title 28 of the United States Code.

Plaintiff filed in this court on October 10, 1979. His petition sets forth claims for both retroactive promotion and back pay. Because the private law under which plaintiff sues authorizes solely the claim for back pay, the claim for retroactive promotion is of no force and effect and will be disregarded.

We start from the premise, amply documented by the statutory language and legislative history, that Congress exercised its powers to the fullest to confer jurisdiction upon this court to adjudicate Rawlins' monetary claim. In the face of this clear expression of legislative intent, the Government invokes a number of legal doctrines which are recognized to serve as general limitations upon the exercise of jurisdiction by this court. We find nothing in defendant's arguments, however, to persuade us that we may not now proceed to a decision on the merits.

The Government relies upon *United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976) in arguing that this court is without jurisdiction. *Testan* involved a two-prong holding. We perceive no difficulty on either prong.

■ The first prong of *Testan* holds that the prerequisite for Court of Claims jurisdiction under the Tucker Act, 28 U.S.C. § 1491 (1976), is a claim for money judgment. *Id.*, at 397–398, 96 S.Ct. at 952–953. This portion of *Testan* is not germane to this case because jurisdiction herein rests upon Private Law 95–60, not the Tucker Act. Nonetheless, even assuming that the Tucker Act and Private Law 95–60 should be read in conjunction, we still perceive no difficulty because Rawlins' claim here is purely and simply one for money judgment.

■ The second prong of *Testan's* holding is that federal courts may not entertain suits for money damages against the United States unless some provision of federal law specifically authorizes the award of money damages. *Id.*, at 398–400, 96 S.Ct. at 953–954. This is a corollary of the broader constitutional doctrine of sovereign immunity. We believe that Private Law 95–60 "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained". *Id.*, at 400, 96 S.Ct. at 954 (*quoting Eastport Steamship Corp. v. United States*, 178 Ct.Cl. 599, 607, 372 F.2d 1002, 1009 (1967)). Several considerations support this conclusion.

To begin with, the statute expressly empowers this court "to hear, determine, and *render* judgment upon any claim of ... Rawlins ... arising out of his claim for retroactive active-duty pay and allowances and retirement pay due him as a result of nonpromotion to the grade of captain, such nonpromotion allegedly being the probable consequence of improper and inequitable actions within the Department of the Navy". (Emphasis supplied). The statute also provides that "*payment* of any judgment ... shall be had in the same manner as in the case of claims over which [the Court of Claims] has jurisdiction under [28 U.S.C. § 1491 (1976)]." (Emphasis supplied). This statutory language plainly sets

forth the elements of a cause of action for the wrong allegedly done plaintiff, including money damages.

We note that the legislative history recited herein shows beyond any doubt that Congress was initially ready and willing to afford plaintiff redress of his grievances by direct legislative action, but chose instead to delegate this task to the Court of Claims solely for technical reasons relating to the House rules. The statutory language is fully consistent with this background. *See, supra* at 460–461.

By interpreting Private Law 95–60 as purely procedural—defendant's contention—and not substantive, *i. e.*, as creating a cause of action, we would be interpreting the statute in a manner so as to render it a nullity. As Congress was well aware, plaintiff has been continually turned away in his efforts to obtain a promotion from the Navy. Thus, if Private Law 95–60 did not specifically provide for a cause of action as well as a court in which to bring the action, the law would be useless to plaintiff; it would be a dead letter. Surely Congress could not have intended such a result. *See generally, Haggar Co. v. Helvering*, 308 U.S. 389, 394, 60 S.Ct. 337, 339, 84 L.Ed. 340 (1940); *Armstrong Paint & Varnish Works v. Nu-Enamel Corp.*, 305 U.S. 315, 333, 59 S.Ct. 191, 200, 83 L.Ed. 195 (1938).[3]

■ We recognize that Congress' approach in the instant case is a departure from the norm. Congress has afforded Rawlins the opportunity to receive a captain's pay without actually ever having held the rank of captain. The sole requirement for entitlement to the money is a showing by Rawlins in this court that he was wrongfully denied promotion (something he has apparently succeeded in doing on one previous occasion). Such an approach is certainly within Congress' powers to effect. As was stated by this court in *Selman v. United States*, 204 Ct.Cl. 675, 684, 498 F.2d 1354,

1358 (1974): "Congress retains the prerogative, however, to accord, through specific statutory authorization . . . entitlement to pay above that otherwise called for by rank."

Defendant objects that the granting of captain's pay to Rawlins would be tantamount to judicial promotion of military officers, an undertaking this court has repeatedly rejected. *See, e. g., Brenner v. United States*, 202 Ct.Cl. 678 (1973), *cert. denied*, 419 U.S. 831, 95 S.Ct. 54, 42 L.Ed.2d 56 (1974). We agree that we are not in the promotion business but find no call for invoking that principle here. As was stated, *supra*, at 461, insofar as Rawlins' complaint sets forth a claim for retroactive promotion, it is of no force and effect and will be disregarded. This leaves only the claim for monetary relief, routine work for this court. And—as we have already explained—this claim for monetary relief is in no way dependent upon promotion, actual or constructive. The granting of a promotion is simply not at issue here.

All other arguments raised by the Government, though not directly addressed by this opinion, have been examined and found to be without merit.

Accordingly, after consideration of the submissions of the parties, with oral argument of counsel, defendant's motion to dismiss is denied. This cause is remanded to the trial judge for further appropriate proceedings.

SKELTON, Senior Judge, dissenting:

I respectfully dissent. In my opinion, the majority has obviously misinterpreted and misconstrued Private Law 95–60, quoted below as mandating the payment of back pay to Commander Rawlins in the grade of Captain since 1947, a rank he never held, when the plain meaning of the statute is to the contrary. In fact, Congress denied any

---

3. We concede that the private law contains the provision that, "Nothing in this Act shall be construed as an inference of liability on the part of the United States", but we do not view this as in any way undermining our analysis. This provision was merely intended to make explicit that the Court of Claims was expected still to conduct a formal hearing on the merits; it was not intended to negative the otherwise clear fact that the private law creates a cause of action.

liability to him on his back-pay claim when it expressly provided in the statute:

"Nothing in this Act shall be construed as an inference of liability on the part of the United States."

The majority cites *Selman v. United States*, 204 Ct.Cl. 675, 679, 498 F.2d 1354, 1355 (1974), as authority for its decision in the instant suit. Its reliance on that case is misplaced as the cases are clearly distinguishable. There, the Congress states in 37 U.S.C. § 202(*1*):

" * * * An officer of the Navy * * * serving as Assistant Judge Advocate General of the Navy *is entitled to the basic pay of a rear admiral (lower half) * * *.*"* (Emphasis supplied).

In that case we awarded the plaintiff-lawyers, who were serving as Assistant Judge Advocate Generals without being appointed to that grade, the pay of that office because, as shown by the statute, Congress had expressly provided in the statute that they be so paid. There is no such mandate in Private Law 95–60 involved in the instant suit. In fact, just the opposite is true because the statute expressly denies any liability of the United States to Commander Rawlins. To hold otherwise, as the majority does, is to misconstrue the statute.

The majority holds that Rawlins is entitled to back pay as a captain without his being promoted to that grade (assuming he wins on the merits). If that is the effect of the majority opinion, it is awarding Rawlins back pay on a theory that is not in the case and one that no one connected with the case, including Rawlins himself, ever heard of, much less considered, up to the present time. It should be pointed out that during the more than 33 years that Rawlins has pressed his claim it has always been one for retroactive promotion to captain with accompanying back pay in that grade. He has never at any time claimed that he was entitled to the back pay of a captain without being promoted to that rank. He did not make such a claim when he appeared before the seven Navy promotion panels and boards, nor when he pressed his claim for promotion with the Secretary of the

Navy. He never claimed in Congress that he was entitled to back pay without a promotion, and when Congress referred his claim to the trial judges of this court as a Congressional Reference case, it referred Rawlins' claim for promotion and not a claim for back pay without promotion. The Review Panel of our trial judges held that Rawlins had an equitable, but not a legal, claim for retroactive promotion as of July 1, 1947, but it did not hold that he had any kind of claim for back pay without a retroactive promotion as that claim was not submitted to it by Congress. Later, when Congress was considering Private Law 95–60 it did not have before it any claim of Rawlins for back pay without a promotion. Consequently, when Congress passed the statute it did not intend to refer, and it did not refer, any such claim to this court, but only the claim that Rawlins had presented to it, which was one for retroactive promotion with back pay, to be considered and disposed of by us in accordance with our rules and practices in other promotion cases. Therefore, when the majority holds that under the statute Rawlins is entitled to back pay without a promotion they are going outside of and beyond the issue submitted to the court by Congress.

Furthermore, when Rawlins filed this suit, he did not claim that the statute mandated the payment of back pay to him without a retroactive promotion. His suit here was purely and simply one for a retroactive promotion which if granted would entitle him to back pay.

Further proof that Rawlins' suit is one for promotion and not one for back pay without promotion is the fact that he asks for increased retirement benefits, "allowances, increments and all other benefits" for himself and members of his family. In addition to the increased retirement, these benefits would no doubt include among other things such items as accumulated sick leave and vacation pay, housing allowances, insurance, past and future increases in a captain's pay, plus the honor and prestige of being a Navy captain, etc., none of which would be recoverable if he were not pro-

moted. The majority erred in holding that plaintiff's suit is one for back pay without a promotion when the facts show without contradiction that his suit is one for promotion.

The holding of the majority that Rawlins is entitled to back pay without a retroactive promotion is speculative, theoretical, and unauthorized, and is based on a theory not before the court. The course followed by the majority enables it to sidestep and avoid the main issue in the case, which is the issue of retroactive promotion. Since the majority did not consider nor dispose of this controlling issue, I will do so in the paragraphs that follow.

By holding that Rawlins is entitled to back pay since 1947 in the grade of captain, a rank to which he was never appointed and which he never held, the majority ignores the well-established and long-recognized rules that an officer is entitled only to the pay of the office to which he has been appointed and that the salary goes with the office and can be paid only to the officer so appointed regardless of who performs the duties of the office. (See cases cited below). We are bound by these rules and principles which have been approved by many courts. This being true, it is clear that in the absence of a clear mandate from Congress for the payment of back pay to Rawlins in the grade of captain without a retroactive promotion, which is not present in this case, the only way that Rawlins can be entitled to back pay as a captain is for him to be promoted to that grade. This requires a close scrutiny of what the majority has done here, as well as the effect of its holding. When this is done, it is obvious that the majority opinion has at least promoted Rawlins retroactively to the grade of captain for the limited purpose of back-pay entitlement, although it disclaims such a result. That is certainly the effect of the decision. The difference between awarding Rawlins back pay in the higher grade with-

out promoting him and in promoting him and then awarding him back pay is for all practical purposes the same as the difference between "tweedledee and tweedledum." The result is the same in both situations as far as back pay is concerned. Thus, the majority has by its action circumvented the long-established rule that this court is without authority to promote a military officer.[1] This rule is effective whether the promotion is made for all purposes or is made for a limited purpose as in the instant case.

There are many facts and issues in this case that are not considered nor disposed of by the majority. For that reason they are detailed below with appropriate discussion, citation of authorities and disposition. Many of the facts and discussions will be repeated or amplified in the interest of clarity.

In this action, Edward White Rawlins (plaintiff or Rawlins), a retired commander of the United States Navy, is seeking to have this court promote him retroactively as of 1943 to the rank of captain in the United States Navy with appropriate pay and allowances, effective *nunc pro tunc*, as if he had been promoted in 1943. The United States (defendant) has filed a motion to dismiss plaintiff's suit on the ground that he has failed to state a claim upon which relief may be granted. The case is before us on defendant's motion.

The facts show that plaintiff served in the Navy for some 31 years, beginning with his appointment to the Naval Academy in 1920 and ending with his voluntary retirement in 1951. During his service in the Navy, plaintiff was never promoted to the rank of captain. The highest rank to which he was appointed was that of commander. He became eligible for consideration for temporary promotion to the grade of captain during the following periods when he was competing with the hundreds of other

---

1. I do not mean to say that the members of the majority have engaged in any deception or bad faith. They are, of course, sincere in their opinion. However, it appears that they have at least inadvertently given the plaintiff a limited

or qualified promotion in order to hold that he is entitled to back pay as a captain, while at the same time apparently failing to realize or appreciate the fact that he has been thus promoted by their decision.

commanders who were also eligible for the same promotion and who were selected and nominated, as shown below:

| | Commanders promoted |
|---|---|
| Aug.—Nov., 1943 | 200 |
| June—Aug., 1944 | 500 |
| Jan.—April, 1945 | 572 |
| Nov.—Dec., 1945 | 865 |

In June, 1942, the Navy adopted a "panel" system in effecting temporary promotions to the grades of commander and captain. This system, whereby panels of appointed senior officers made the selections, was used until November, 1945, when an "administrative board" of 15 officers was used in effecting such promotions. After August 7, 1947, the date of the enactment of the Officer Personnel Act of 1947, 61 Stat. 795, as amended, the Navy reinstituted the pre-1942 system of promotion to the grade of captain by statutory selection boards.

The plaintiff was considered for promotion to the grade of captain by the Aug.-Nov., 1943, panel but was not selected. He was considered again by the June-Aug., 1944, panel but was not nominated. The panel for Jan.-April, 1945, likewise considered plaintiff, but he was passed over by that panel. He was considered again by the administrative board of Nov.-Dec., 1945, but was not selected by that board. In January, 1950, and again in October, 1950, the plaintiff was considered for promotion to the grade of captain by two different statutory selection boards that were convened pursuant to the Officer Personnel Act of 1947. He was not selected for promotion by either of these boards.

After plaintiff was passed over by the above panels and boards he continued to serve on active duty in the Regular Navy continuously to July 1, 1951, when he was retired in the grade of commander upon his own application, pursuant to the provisions of section 6, Act of February 21, 1946, 60 Stat. 26, 27, *as amended*, 34 U.S.C. § 410b (1952),[2] in lieu of mandatory retirement pursuant to the provisions of section 312(c),

Officer Personnel Act of 1947, 61 Stat. 795, 859, *as amended*, 34 U.S.C. § 410j(c) (1952).[3]

Notwithstanding the fact that he had not been selected for promotion by the above mentioned six panels and boards, the plaintiff continued to insist that the Secretary of the Navy should recommend him for promotion to the grade of captain. Finally, on or about August 2, 1961, the Under Secretary of the Navy appointed a special advisory board to consider the plaintiff's record and recommend whether he should have been selected for promotion to the grade of captain by the above described panels and boards. This advisory board was appointed on condition that the plaintiff would agree to abide by its decision. The plaintiff agreed. The advisory board met and considered the record of the plaintiff and on September 16, 1961, announced that it had concluded that plaintiff's promotion by any of the previous panels and boards was "not appropriate". The Under Secretary notified the plaintiff that "the question of your promotion has been resolved against you and it is considered that the matter is closed."

The plaintiff refused to accept the decision of the advisory board and that of the Under Secretary as final. He pressed his claim for promotion in Congress as he had done regularly and consistently ever since he was denied promotion by the various panels and boards of the Navy in 1943, 1944, 1945 and 1950. The record shows that 22 different legislative proposals were introduced in Congress in his behalf during the 25 years prior to and including 1978. However, Clause 3 of Rule XXII of the Rules of the House of Representatives forbids the House from receiving or considering private bills for the correction of military or naval records. This rule is in accord with Sections 131 and 207 of the Legislative Reorganization Act of 1946 which directed the Secretaries of the various branches of the military services to establish review boards for that purpose. This rule and this legislation were designed to relieve the

---

2. Codified as 10 U.S.C. § 6323 (1964).

3. Codified as 10 U.S.C. § 6379 (1964).

Congress of the burden of considering private bills. Because of this rule and this legislation Congress could not pass a private bill "correcting" the plaintiff's naval record and promoting him to the grade of captain with a corresponding appropriation for back pay, allowances and other benefits. However, Congress desired that the case should be thoroughly investigated by a proper tribunal. Accordingly, a bill (S.881) was introduced in the 91st Congress, 1st Session, on February 4, 1969, that provided, in part, that "notwithstanding any other provision of law or any commitment in conflict with this Act, Commander Edward White Rawlins * * * shall for all purposes, nunc pro tunc, be deemed to have been promoted to the grade of captain on the active list of the Regular Navy on July 1, 1947, to have served continuously in such grade until June 30, 1955, and on this later date to have been placed on the retired list in such grade," and that "The United States shall reimburse Edward White Rawlins in full for all expenses, including attorneys' fees, incurred by him in his efforts to secure the relief which this Act grants to him." This bill (S.881) was referred to the Chief Commissioner (now called Chief Trial Judge) of the Court of Claims by Senate Resolution 96, 91st Congress, 1st Session, on September 3, 1969, as a Congressional Reference case, which provided, in pertinent part:

> * * * the bill (S.881) entitled 'A bill for the relief of Commander Edward White Rawlins, United States Navy (retired)' * * * is hereby referred to [the] Chief Commissioner of the United States Court of Claims pursuant to sections 1492 and 2509 of title 28, United States Code; and the court shall proceed expeditiously with the same in accordance with the provisions of said sections and shall report to the Senate, at the earliest practicable date, its findings of fact and conclusions thereon as shall be sufficient to inform the Congress (a) of the nature and character of his demand, as a claim legal or equitable, against the United States, (b) whether Commander Rawlins suffered non-promotion to the grade of captain as a probable consequence of any arbitrary,

capricious, inadvertent, improper, inequitable, or wrongful act or action or combinations thereof by or within the Department of the Navy, and (c) in such event, the amount legally or equitably due from the United States to the claimant, notwithstanding the lapse of time and any statute of limitations or laches. *Rawlins v. United States*, 197 Ct.Cl. 972, 990 (1972).

Thereafter, the Chief Commissioner designated Trial Commissioner Harry E. Wood to conduct the initial proceedings in this case under the provisions of 28 U.S.C. § 2509. After holding a trial and receiving requested findings of fact and briefs from the parties, Commissioner Wood filed a report that contained a carefully prepared opinion, exhaustive and accurate findings of fact, and ultimate findings and conclusions. Exceptions were taken by the plaintiff to certain matters set out in Commissioner Wood's report; and, after the briefing procedures were completed, the parties on January 24, 1972, made oral arguments to the Review Panel on the exceptions. The Review Panel made its report to Congress on February 24, 1972, the pertinent parts of its conclusions being:

> Accordingly, the Review Panel informs the Senate (1) that Commander Edward White Rawlins, *the plaintiff, has an equitable—but not a legal—claim against the United States*, the defendant, (2) that the plaintiff suffered nonpromotion to the grade of captain as a probable consequence of improper and inequitable action within the Department of the Navy, and (3) that there is equitably due the plaintiff a retroactive promotion to the grade of captain on the active list of the Regular Navy as of July 1, 1947, and retroactive retirement in that grade as of July 1, 1951 (the date of the plaintiff's actual retirement). 197 Ct.Cl. at 1017 (emphasis supplied).

Not being satisfied by the report of the Review Panel of the Court of Claims, the plaintiff continued to press his claim with members of Congress. In September, 1975, Congress passed Senate Resolution 5 (94th

Congress) urging the President to promote the plaintiff to the grade of Captain on the active list of the Regular Navy for all purposes as of July 1, 1947, with retroactive retirement at that grade as of July 1, 1955. After S.5 was passed by Congress, it was referred to President Ford for his consideration. He refused to take any action with reference to the Resolution.

The plaintiff continued his efforts in Congress and as a result H.R. 1445 was passed and signed by President Carter on October 10, 1978, as Private Law 95–60, which provided:

PRIVATE LAW 95–60
95th CONGRESS

An Act

Conferring jurisdiction upon the United States Court of Claims to hear, determine, and render judgment upon the claim of Commander Edward White Rawlins, United States Navy (retired).

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That, notwithstanding any statute of limitations pertaining to suits against the United States, or any lapse of time, or bars of laches, jurisdiction is hereby conferred upon the United States Court of Claims to hear, determine, and render judgment upon any claim of Commander Edward White Rawlins, United States Navy (retired), of Washington, District of Columbia, arising out of his claim for retroactive active-duty pay and allowances and retirement pay due him as a result of nonpromotion to the grade of captain, such nonpromotion allegedly being the probable consequence of improper and inequitable actions within the Department of the Navy.

Sec. 2 Suit upon such claim may be instituted at any time within one year after the date of enactment of this Act. Nothing in this Act shall be construed as an inference of liability on the part of the United States. Except as otherwise provided in this Act, proceedings for the determination of such claim and review and payment of any judgment or judgments on such claim shall be had in the same manner as in the case of claims over which such court has jurisdiction under section 1491 of title 28 of the United States Code.

Approved October 10, 1978.

The sole purpose and intent of Congress in enacting Private Law 95–60 was to waive the statute of limitations and other time bars, such as laches, with reference to plaintiff's claim for promotion so that he could file suit thereon in the Court of Claims as if the circumstances and events in his case had occurred "today" or would occur "tomorrow". This is shown not only by the provisions of the Act itself, but also by H.R. Report No. 1105, 95th Congress, 2nd Session (1978) issued in connection therewith which stated that the Congressional intent in passing the legislation was to:

* * * place claimant in *status quo* by removing procedural bars to the institution and prosecution to judgment of a suit against the United States in the Court—a statute of limitations which now operates to claimant's detriment and available defenses of lapse and laches. As section 2 provides, such suit would be entertained and conducted in the same manner as any brought under 28 U.S.C. § 1491 * * * This is the same venue which would be available to claimant if he was to suffer the same circumstances today or tomorrow.

This Congressional intent is also shown by a letter written by George E. Danielson, Chairman of the Subcommittee on Administrative Law and Governmental Relations to the plaintiff, dated April 21, 1977, with reference to H.R. 1445 (which became Private Law 95–60) which stated in part:

Thus, the Subcommittee found itself bound not to enact H.R. 1445 in its original form * * * the Subcommittee decided *to do all that it felt it could do under the circumstances: waive statutes of limitations and other procedural bars* to permit you to pursue your cause of action to judgment in the U.S. Court of Claims. (Emphasis supplied).

It will be noted that Private Law 95–60 (hereinafter referred to as the Act) does not

create a cause of action on behalf of the plaintiff for his promotion to the grade of captain. Also, it does not admit any liability of the Government to the plaintiff. In fact, the Act states specifically that nothing in the Act "shall be construed as an inference of liability on the part of the United States."

Finally, the Act provides that any suit filed by the plaintiff on his claim in the Court of Claims shall be determined and disposed of "in the same manner as in the case of claims over which such court has jurisdiction under Section 1491 of Title 28 of the United States Code."

Thus, it is clear that all that the plaintiff received from the Act was the removal of limitations and other time bars to his filing a suit. Otherwise, his position and situation as to jurisdiction and relief is the same as that of any other Navy commander who, under the same or similar facts, might file a timely suit in the Court of Claims for promotion to the grade of captain.

Following the passage of the Act, the plaintiff filed this action, which is purely and simply a suit for retroactive promotion to the grade of captain. The plaintiff contends that the Act authorizes this court to promote him *nunc pro tunc* to that grade as of 1943. We find nothing in the Act that gives this court such authority.

The plaintiff claims in this suit, as he did before Congress and at the hearing before a Trial Commissioner of this court in the above described Congressional Reference case, that his failure to be promoted to the grade of captain was the result of the Navy's arbitrary, capricious, improper, wrongful, inadvertent or inequitable acts, including the failure to maintain complete and accurate records of his service, the filing of improper and inaccurate fitness reports, the inclusion of inaccurate and erroneous items in his record and the omission of essential items from his files, the failure to furnish complete and accurate information regarding his service and record to the various selection panels and boards, and numerous other wrongful acts. I have not discussed these complaints in detail because

such discussion is not necessary for a decision of the controlling legal issue in this case, and for further reason that plaintiff's complaints are fully set forth in the 35 findings of fact in the report of the Review Panel to Congress in *Rawlins v. United States*, 197 Ct.Cl. 972 (1972), where they may be examined.

This brings me to a consideration of the central and controlling legal issue in this case, namely, does this court have jurisdiction and authority to retroactively promote the plaintiff from the grade of commander to the grade of captain in the Navy of the United States *nunc pro tunc* as of 1943? There are many reasons discussed below why this question must be answered in the negative.

Logically, I begin with the United States Constitution and the controlling statutes. Article 2, Section 2, Clause 2 provides, in pertinent part:

He [the President] shall have power, by and with the advice and consent of the Senate to make treaties, provided two thirds of the senators present concur; and he shall nominate and by and with the advice and consent of the Senate shall appoint Ambassadors, other public Ministers and Consuls, Judges of the Supreme Court, and all other *Officers of the United States*, whose appointments are not herein otherwise provided for, and which shall be established by Law: * * *. (Emphasis supplied).

Title 10 U.S.C. § 5572 provides:

§ 5572. Regular Navy and Regular Marine Corps: appointing power.

Except as provided in section 5573a of this title, each appointment to the active list of the Navy or to the active list of the Marine Corps *shall be made by the President, by and with the advice and consent of the Senate.* Aug. 10, 1956, c. 1041, 70A Stat. 321; Sept. 2, 1958, Pub.L. 85–861, § 1(117), 72 Stat. 1493. (Emphasis supplied).

Title 10 U.S.C. § 5791, which is a section of the statutes dealing with promotions in the Navy and Marine Corps, provides:

§ 5791. Appointing Power

(a) Except as provided in section 5787 [Temporary promotions in time of war or national emergency] and 5787d [Navy lieutenants: temporary promotion] of this title, *permanent and temporary appointments* under this chapter [Re: Promotions] *in the Regular Navy* and in the Regular Marine Corps *shall be made by the President, by and with the advice and consent of the Senate.* (Emphasis supplied).

The following editorial note appears in United States Code Annotated after Title 10 U.S.C.A., § 5791:

Each grade in the Navy and in the Marine Corps is an office and officers of the naval service are 'Officers of the United States' in the constitutional sense. (See 30 Op.Atty.Gen. 177, re Army.) Under Art. II, Sec. 2, Clause 2 of the Constitution promotions to higher grades in the armed services, as well as original appointments, must be made by the President, by and with the advice and consent of the Senate, unless Congress specifically authorizes them to be made in some other manner.

This explanatory note found in the chapter on Navy promotions is very significant and is particularly relevant to the issue before us in this case. The note, along with the cited opinion of the Attorney General, explained that each grade in the Navy is a separate "office" and that each person occupying a grade in the Navy is an "officer of the United States in a constitutional sense." Therefore, before an officer in the Navy can be promoted from one grade to another the Constitution and the statutes require that he be appointed to the higher grade by the President, by and with the advice and consent of the Senate. There is no other way that he can be promoted under the Constitution and statutes. Exclusive authority to make such promotions in the Navy is vested in the President. When these authorities and principles are applied to the case before us, it is clear that the plaintiff has never received an appointment to the grade of captain from the President.

It is also clear from the applicable statutes and the Constitution that this court has no authority to promote or appoint the plaintiff to the higher grade. The Act (Private Law 95–60) relied on by the plaintiff confers no such authority on this court. Neither did it repeal or amend the above cited statutes. The Congress recognized that only the President could promote the plaintiff when it passed S.5 asking the President to appoint him to the grade of captain. In *Orloff v. Willoughby,* 345 U.S. 83, 90, 73 S.Ct. 534, 538, 97 L.Ed. 1360 (1962), the Supreme Court held, "Whatever control courts have exerted over tenure or compensation under an appointment, they have never assumed by any process to control the appointing power in either civilian or military positions."

We have no authority to promote the plaintiff for the further reason that this court can only render money judgments on claims that are "limited to actual, presently due money damages from the United States." *United States v. King,* 395 U.S. 1, 3, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969). The Supreme Court expanded on this concept of our limited jurisdiction in the case of *United States v. Testan,* 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976), when it held:

* * * It follows that the asserted entitlement to money damages depends upon whether any federal statute 'can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.' *Eastport S. S. Corp. v. United States,* 178 Ct.Cl. at 607, 372 F.2d, at 1009; *Mosca v. United States,* 189 Ct.Cl. 283, 290, 417 F.2d 1382, 1386 (1969), cert. denied, 399 U.S. 911, 90 S.Ct. 2197, 26 L.Ed.2d 565 (1970). 424 U.S. at 400, 96 S.Ct. at 954.

In the instant case the plaintiff is suing for a retroactive promotion. This is not a money claim. A similar situation existed in the promotion case of *Black v. United States,* No. 238–74 (Ct.Cl., April 18, 1980), decided by an order of this court in which order the court stated:

\* \* \* *Plaintiff's aspiration to be a major is not here and now a money claim*, surprising as the conclusion may seem to him. *We therefore lack jurisdiction to say or do anything to further it*, and that includes referring it to another body with any form of directions, or even precatory remarks. (Emphasis supplied).

The plaintiff does not point to any statute that "can fairly be interpreted as mandating compensation by the Federal Government", as required by the *Testan* and *Eastport* cases cited above in order for his claim to be a money claim within the jurisdiction of this court. In fact, the Act on which plaintiff relies, instead of mandating compensation by the Government, effectively denies any liability by the provision that states:

> Nothing in this Act shall be construed as an inference of liability on the part of the United States.

The plaintiff's suit for a retroactive promotion is essentially an action for equitable relief which this court does not have the power to grant. *See United States v. King, supra.* It is well established that we have no equity jurisdiction except in aid of a money judgment. In this regard, we do not even have the power to enter a judgment that the plaintiff is entitled to the promotion he seeks, as that would be a declaratory judgment which is beyond our jurisdiction. The Supreme Court held unequivocally in *United States v. King, supra*, that we have no power to render a declaratory judgment.

It will be remembered that in the Congressional Reference case, *Rawlins v. United States, supra*, the review panel of our trial judges held that plaintiff had an equitable, but not a legal, claim against the United States. The trial judges in acting as a review panel had the authority to render such a decision. However, it is beyond the powers of this court to hold that the plaintiff has a valid equitable claim against the Government, because such a decision would be a declaratory judgment which we have no authority to render.

However, if it can be assumed *arguendo* that the review panel's decision that the plaintiff has an equitable—not legal—claim against the United States is correct, there can be no doubt that we do not have jurisdiction of his claim, as we have no authority or power to consider a purely equitable claim. Furthermore, if the decision of the Review Panel is correct, that ends the matter, because we can only consider legal demands for money damages against the Government.

Despite the decision of the Review Panel, the plaintiff contends that he has a legal and constitutional right to be promoted to the grade of captain and to receive the pay, allowances and other benefits and perquisites of that grade, and that the Navy violated his constitutional rights when it denied him the promotion. I do not agree. It is well established that no person has a constitutional, inherent or vested right to a government office or position. Many cases have so held. In *McAuliffe v. New Bedford*, 155 Mass. 216, 29 N.E. 517 (1892), the court held:

> \* \* \* The petitioner may have a constitutional right to talk politics, *but he has no constitutional right to be a policeman.* (Emphasis supplied).

Many cases have made similar rulings. In *Jenson v. Olson*, 353 F.2d 825, 828 (8th Cir. 1965), the court said:

> \* \* \* Plaintiff, however, has *no right* to public employment. \* \* \*

Thus, the Constitution protects the right of free speech but it does not guarantee plaintiff employment with the City of Minneapolis. \* \* \*

In *Bailey v. Richardson*, 182 F.2d 46, 59–61 (D.C.Cir.1950), *aff'd* by an equally divided court, 341 U.S. 918, 71 S.Ct. 669, 95 L.Ed. 1352 (1951), the court held:

> \* \* \* The First Amendment guarantees free speech and assembly, but it does not guarantee Government employ. \* \*
>
> \* \* \* *But there is no basic right to Government employ,* any more than there is to employment by any other particular employer. \* \* \* (Emphasis supplied).

* * * *Government employ,* with which we are here dealing, *is not a right.* * * * What is denied her [the plaintiff] is Government employ. The argument * * therefore, must be that Miss Bailey has a right to Government employ unless her presence there would constitute a clear and present danger. *There simply is no such right.* * * * (Emphasis supplied).

These authorities show that the plaintiff has no legal or constitutional right to be appointed to the grade of captain and that in failing to promote him, the Navy did not violate his constitutional rights.

Finally, we cannot promote the plaintiff because we have held in many *en banc* decisions of this court, which we are required to follow, that we do not have the power or authority to promote a military officer, and that we are not in the "promotion business." *See Brenner v. United States,* 202 Ct.Cl. 678, 693 (1973), *cert. denied,* 419 U.S. 831, 95 S.Ct. 54, 42 L.Ed.2d 56 (1974); *Clinton v. United States,* 191 Ct.Cl. 604, 606, 423 F.2d 1367 (1970); *Muldonian v. United States,* 193 Ct.Cl. 99, 107, 432 F.2d 443, 446–47 (1970); *Boruski v. United States,* 140 Ct.Cl. 1, 155 F.Supp. 320, 324 (1957). In *Brenner v. United States, supra,* we refused to promote a Navy lieutenant whose claim for promotion was practically the same as that of the plaintiff in the instant case. We there held:

> The plaintiff asks this court to promote him to the position of lieutenant commander and to award him back pay in that rank from the time he would have been promoted to that rank, and pay for the rank he would have acquired until his normal and natural retirement from active service, plus retirement pay as a retired Navy officer. Such a recovery is beyond our power to grant. Federal courts have held many times that they are not in the military "promotion business." We adhere to that principle. 202 Ct.Cl. at 693.

Incidentally, we there commented on the decision of the Review Panel in the instant case, *Rawlins v. United States, supra,* by saying:

The plaintiff also cites the case of *Rawlins v. United States,* 197 Ct.Cl. 972 (1972). That case is a report of a review panel of three commissioners of this court on referral from the United States Senate pursuant to 28 U.S.C. §§ 1492 and 2509. The commissioners found that the plaintiff, Commander Rawlins, had an equitable case *but not a legal case,* because he had not been promoted to captain due to an erroneous and arbitrary fitness report. That case is not a precedent binding on this court. Furthermore, the decision militates against the plaintiff in the instant case rather than for him. 202 Ct.Cl. at 693.

The court further held in *Brenner* with reference to military promotions by the courts:

> As long ago as *Reaves v. Ainsworth,* 219 U.S. 296, 31 S.Ct. 230, 55 L.Ed. 225 (1911), as explicitly as *Orloff v. Willoughby,* 345 U.S. 83, 73 S.Ct. 534, 97 L.Ed. 1360 (1953); *Norman v. United States,* 183 Ct.Cl. 41, 392 F.2d 255 (1968), *cert. denied* 393 U.S. 1018, 89 S.Ct. 622, 21 L.Ed.2d 562 (1969); *Clinton v. United States,* 191 Ct.Cl. 604, 423 F.2d 1367 (1970); *Arnheiter v. Chaffee,* 435 F.2d 691 (9th Cir. 1970), and *Payson v. Franke,* 282 F.2d 851 (D.C.Cir.:1960), *cert. denied, sub nom. Robinson v. Franke,* 365 U.S. 815, 81 S.Ct. 696, 5 L.Ed.2d 694 (1961), and as recently as *Muldonian v. United States,* 193 Ct.Cl. 99, 432 F.2d 443 (1970), the Federal courts have held in forthright terms and under varying factual contexts that they have neither power nor inclination to review military discretion in failing to assign, commission, or promote officers because as stated in *Orloff v. Willoughby, supra,* 345 U.S., at 93, 94, 73 S.Ct., at 539, 540:
>
> * * * judges are not given the task of running the Army. * * * The military constitutes a specialized community governed by a separate discipline from that of the civilian. Orderly government requires that the judiciary be as scrupulous not to interfere with legitimate Army matters as the Army must be scrupulous

not to interfere in judicial matters. * * 202 Ct.Cl. at 685–686.

In *Muldonian v. United States, supra*, we held:

Frequently courts have been asked to promote officers in the Armed Services. The answers have been uniform. For example, in *Reaves v. Ainsworth*, 219 U.S. 296, 306, 31 S.Ct. 230, 233, 55 L.Ed. 225 (1911), the Supreme Court stated:

The courts have no power to review. The courts are not the only instrumentalities of government. They cannot command or regulate the army. * * *.

\* \* \* \* \* \*

Again, in *Orloff v. Willoughby*, 345 U.S. 83, 93–94, 73 S.Ct. 534, 539–540, 97 L.Ed. 1360 (1953), the Supreme Court stated:

We know that from top to bottom of the Army the complaint is often made, and sometimes with justification, that there is a discrimination, favoritism or other objectionable handling of men. But judges are not given the task of running the Army. * * *. 193 Ct.Cl. at 107, 432 F.2d at 447.

In addition to the above cited *en banc* decisions of this court that we have no power to promote a military officer, there are many decisions of panels of judges of the court to the same effect. We are required to follow those decisions under the doctrine of stare decisis. Among other decisions, *see Borgford v. United States*, 208 Ct.Cl. 1040, 1041 (1976); *Doggett v. United States*, 207 Ct.Cl. 478, 482 (1975); *Abruzzo v. United States*, 206 Ct.Cl. 731, 738, 513 F.2d 608, 611 (1975); *Yee v. United States*, 206 Ct.Cl. 388, 399, 512 F.2d 1383, 1388 (1975); *Cooper v. United States*, 203 Ct.Cl. 300, 303 (1973).

We held in *Abruzzo v. United States*, *supra*, that we had no power to grant a retroactive promotion to a Navy captain, saying:

With respect to plaintiff's request that his promotion to captain be backdated to that of his peers, the same problem exists. The federal courts are not in the promotion business and the relief which plaintiff here seeks—i. e., the backdating of his promotion—is beyond the power of this court to grant. *Brenner v. United States*, 202 Ct.Cl. 678 (1973), *cert. denied*, 419 U.S. 831, [95 S.Ct. 54, 42 L.Ed.2d 56] (1974); *Muldonian v. United States*, 193 Ct.Cl. 99, 432 F.2d 443 (1970); *Clinton v. United States*, 191 Ct.Cl. 604, 423 F.2d 1367 (1970). 206 Ct.Cl. at 738, 513 F.2d at 611.

There is no use in belaboring the point. I would follow precedent and hold that we have no authority to promote the plaintiff to the grade of captain.

In plaintiff's brief he alleges for the first time a claim for back pay in the grade of commander, claiming that if he had not been twice passed over for promotion he could have continued in active duty as a commander, but because of the wrongful passovers he was forced to retire on July 1, 1951. This claim has no merit and we should reject it for many reasons, including the following:

1. The claim is not alleged nor pleaded in his petition. This violates Rules 21(c), 32(a), and 35(a) and (g) of the court.

2. No claim of this kind was presented by the plaintiff to the Navy nor by him to the Board for the Correction of Naval Records in accordance with the Regulations of the Navy (32 CFR § 723.3). Consequently, he has not exhausted his administrative remedies and there is nothing for the court to review.

3. This claim was never presented by the plaintiff to Congress. Therefore, when Congress waived limitations, laches and other time bars as to plaintiff's claim for promotion in the passage of Private Law 95–60, it did not include nor intend to include such a waiver for a claim for back pay for plaintiff as a commander. Therefore, in the absence of such waiver, the claim is barred by limitations and laches.

4. The plaintiff did not present the claim to our trial commissioners in the Congressional Reference case, which shows that he was only asserting a claim for promotion to the grade of captain.

5. Since the plaintiff never presented this claim to the Navy, it has never been considered or rejected by that Department. Consequently, there is no adversary controversy about it that can be decided by the court. We cannot rule on a hypothetical or theoretical demand that is not the subject of a genuine dispute between adverse parties.

6. The plaintiff was not forced out of the Navy. By his own admission he retired in the grade of commander upon his own voluntary application on July 1, 1951. Therefore, he is estopped to assert such a claim for the first time at this late date.

7. When the plaintiff voluntarily retired on July 1, 1951, he thereby vacated the position and no longer held the grade of an active duty commander. The courts uniformly hold that the salary and other benefits of a government position are incident to the position and are payable only to the person who has been appointed to and holds the office. Conversely, a government officer is entitled only to the pay and other benefits of the position to which he has been appointed.

In *Borak v. United States,* 110 Ct.Cl. 236, 246–247, 78 F.Supp. 123, 124–125 (1948), *cert. denied,* 335 U.S. 821, 69 S.Ct. 43, 93 L.Ed. 375 (1948), this court held:

He was not working under a contract with a fixed time limit on the holding of the office. He held a public office with tenure, duties and compensation established by law. *The salary was an incident of the office and as this Court has repeatedly held, is payable not to those who do the work but to those who hold the office, Jacobs v. United States,* 41 Ct.Cl. 452; *Whiting v. United States,* 35 Ct.Cl. 291, 301; *Miller v. United States,* 86 Ct.Cl. 609; *Coleman v. United States,* 100 Ct.Cl. 41. (Emphasis supplied).

The court also said in that case:

* * * This Court has also said, "salaries fixed by Congress are the salaries payable to those who hold the office and not to those who perform the duties of the office." *Coleman v. United States,* 100 Ct.Cl. 41, reaffirmed, *Dvorkin v. United States,* 101 Ct.Cl. 296.

\* \* \* \* \* \*

We held in *Price v. United States,* 112 Ct.Cl. 198, 200–201, 80 F.Supp. 542, 543 (1948):

It is a well settled principle of law that federal government employees are entitled only to the salaries of the positions to which they are appointed regardless of the duties they actually perform. That rule of law was reaffirmed in the case of *Coleman v. United States,* 100 Ct.Cl. 41, and *Dvorkin v. United States,* 101 Ct.Cl. 296, *certiorari denied* 323 U.S. 730, 65 S.Ct. 66, 89 L.Ed. 586.

\* \* \* \* \* \*

* * * [But] The salaries fixed by Congress are the salaries payable to those who hold the office and not to those who perform the duties of the office. * * *

\* \* \* \* \* \*

And in the *Dvorkin* case, involving the same issues, it was held that *the determinative test of a person's right to salary is not the duties performed, but the position or grade to which he was appointed.* (Emphasis supplied).

These principles were again stated by this court in *Ganse v. United States,* 180 Ct.Cl. 183, 186, 376 F.2d 900, 902 (1967), when the court said:

* * * It is a well-settled principle of law that Federal Government employees are entitled only to the salaries of positions to which they are appointed, regardless of the duties they actually perform. *Price v. United States,* 112 Ct.Cl. 198, 200, 80 F.Supp. 542, 543 (1948) and cases cited. * * *

*See also United States v. Testan, supra; United States v. McLean,* 95 U.S. 750, 24 L.Ed. 579 (1878); *Baker v. United States,* 222 Ct.Cl. ——, 614 F.2d 263 (1980); *Amundson v. United States,* 128 Ct.Cl. 80, 120 F.Supp. 201 (1954); *Dvorkin v. United States,* 101 Ct.Cl. 296 (1944), *cert. denied,* 323 U.S. 730, 65 S.Ct. 66, 89 L.Ed. 586 (1944); *Coleman v. United States,* 100 Ct.Cl. 41 (1943).

Applying the principles set forth in the above cases to the plaintiff's claim for commander's back pay and allowances, it is clear that his claim is groundless. Since he did not hold the grade of commander after he retired on July 1, 1951, he is not entitled to pay and other benefits of the position after that date. The plaintiff could only recover the pay and allowances of the grade of commander if the President reappointed him to that position. "This was not done by the President." *See Beaty v. United States*, 58 Ct.Cl. 25, 32 (1923).

When the record as a whole is considered in this case, there is no way that the decision of the majority can be upheld or sustained. It amounts to a gift by the court of approximately $75,000 of public funds to Commander Rawlins. This is beyond the authority of the court and I cannot agree with it.

I would deny the claim of the plaintiff for retroactive promotion to the grade of captain with back pay, and would grant the defendant's motion to dismiss and would dismiss the plaintiff's petition.