Edward White RAWLINS, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 456–79C.

United States Claims Court.

June 13, 1985.

Alan S. Weitz, Washington, D.C., for plaintiff, Ginsburg, Feldman and Bress, of counsel.

Sharon Y. Eubanks, Washington, D.C., for defendant; with whom was Acting Asst. Atty. Gen. Richard K. Willard, George M. Beasley, III, Dept. of Justice, Washington, D.C., and Captain Charles R. Gross, Dept. of Navy, of counsel.

## OPINION ON PLAINTIFF'S APPLICATION FOR ATTORNEY FEES

YANNELLO, Judge.

This case is now before the court on plaintiff's application for an award of attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) (1982). The request follows plaintiff's successful prosecution on the merits of this case under the terms of Priv.L. No. 95–60, 92 Stat. 3817 (1978).

Plaintiff avers that he has satisfied the statutory prerequisites for recovery. Defendant disagrees. The central controversy is whether the position of the United States was "substantially justified," though defendant raises alternative arguments suggesting, inter alia, that plaintiff was not a prevailing party in all aspects of the case and that special circumstances exist which make an award of attorney fees unjust.[1]

Entry of judgment in this case represented the culmination of Commander Rawlins' lengthy quest for relief from what has now been determined to be an "improper and inequitable" failure to promote him in rank in the 1940's. A much truncated account of his attempts is set forth below, and serves as a springboard for discussion of the merits of the fee request. Fuller exposition is found in the sources referred to below.

After plaintiff's repeated (and unsuccessful) efforts within the Navy and before Congress, the Senate, in 1969, referred a private bill proposing relief to plaintiff to the Chief Commissioner of the Court of Claims for a report pursuant to 28 U.S.C. §§ 1492 and 2509. A full evidentiary proceeding was conducted pursuant to the Congressional Reference procedures, and the hearing officer issued his report of recommendations, including findings of fact and conclusions of law.[2]

The review panel's recommendations concluded that plaintiff had an equitable—but not a legal—claim against the United States. It further stated that plaintiff "suffered non-promotion to the grade of captain as a probable consequence of improper and inequitable actions within the Department of the Navy" and "that there is equitably due the plaintiff a retroactive promotion to the grade of captain." *Rawlins v. United States*, 197 Cl.Ct. 972, 1017 (1972).

Congress did not, however, provide direct relief through the private relief bill. Instead, it passed Priv.L. No. 95–60, allowing the Court of Claims to formally adjudicate plaintiff's alleged wrongful non-promotion and to award appropriate monetary relief (notwithstanding, inter alia, the statute of limitations). The private law was silent regarding retroactive promotion. Congress' enactment of Priv.L. No. 95–60 was a departure from the norm. *Rawlins v. United States*, 225 Ct.Cl. 367, 646 F.2d 459 (1980) *(Rawlins I)*.

Plaintiff then filed this lawsuit. Defendant responded with a motion to dismiss on jurisdictional grounds. It argued that Priv.L. No. 95–60 was purely procedural, did not create for plaintiff a new cause of action, and that under the law relating to military promotion, plaintiff could not recover.

Over a lengthy dissent, the Court of Claims rejected this interpretation in *Rawlins I*. It found that given the background of the claim, defendant's approach would render the bill a nullity, thereby frustrating Congress' intent. It held that the statute empowered the court to render money judgment on claims resulting from plaintiff's nonpromotion, "such nonpromotion allegedly being the probable consequence of improper and inequitable actions within the Department of the Navy." *Rawlins I*, 225 Ct.Cl. at 370–71, 646 F.2d 459. The court

---

**1.** Defendant's *"pro-forma"* argument that the EAJA does not cover suits under private laws is rejected. This is indeed a "civil action ... brought ... against the United States in [a] court having jurisdiction of that action." 28 U.S.C. § 2412(d)(1)(A).

**2.** The trial commissioner found neither a legal nor an equitable claim.

observed that "[t]his statutory language plainly sets forth the elements of a cause of action for the wrong allegedly done plaintiff." *Id.* at 371, 646 F.2d 459. And finally: "The sole requirement for entitlement to the money is a showing by Rawlins in this court that he was wrongfully denied promotion (something he has apparently succeeded in doing on one previous occasion)." *Id.* at 371–72, 646 F.2d 459.

Defendant's motion for rehearing *en banc* was denied.

Thereafter, the parties entered into discussions with a view toward stipulating the facts of this matter. They had little difficulty stipulating to the evidentiary record of the 1972 Congressional Reference proceeding, in lieu of lengthy trial proceedings which most likely would have merely duplicated that record, but had considerable difficulty agreeing to the facts to be drawn therefrom. Negotiations were protracted.[3]

Ultimately, though, a "partial stipulation" was produced, and plaintiff filed a motion for summary judgment based thereon. Defendant's cross-motion was devoted mainly (both in emphasis and in bulk) to re-arguing issues decided against it in *Rawlins I*. It reiterated its view that Congress had not created a new substantive cause of action; and that even if it had, the claim should be tested against the "legal" standards developed under the court's Tucker Act jurisdiction. Defendant made little attempt to analyze the merits under the "equitable" standard set forth in *Rawlins I*. Its arguments were again rejected in *Rawlins v. United States*, 231 Ct.Cl. 313, 686 F.2d 903 (1982) (*Rawlins II*). Therein, the court granted plaintiff's motion for summary judgment in large part.

Defendant prevailed on certain technical aspects of its cross-motion for summary judgment. It established that the prior Congressional Reference case carried no collateral estoppel effect; it successfully avoided prejudgment interest; and it narrowed plaintiff's monetary recovery somewhat.

### Discussion

■ The EAJA provides that a prevailing party shall be awarded attorney fees in any civil action against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The test for substantial justification is one of "reasonableness". The burden is on defendant to prove substantial justification. *See Ellis v. United States*, 711 F.2d 1571, 1575 (Fed.Cir.1983). To the extent factually warranted, this court will endeavor to evaluate the position of the United States in an episodic manner. *See Devine v. Sutermeister*, 733 F.2d 892 (Fed.Cir.1984); *McCarthy v. United States*, 1 Cl.Ct. 446 (1983).

■ *The Motion to Dismiss.* The court finds defendant's position in this phase of the litigation to be substantially justified. Faced with a novel situation, defendant presented plausible and non-frivolous arguments which, parenthetically, persuaded one member of the panel. *See also Rawlins II*, 231 Ct.Cl. at 332, 686 F.2d 903 (NICHOLS, J. concurring). Similarly, defendant's unsuccessful motion for rehearing *en banc* was reasonable.

■ *The Stipulation.* Plaintiff alleges that defendant unduly prolonged stipulation negotiations and should therefore be liable for attorney fees. *See Everett Plywood Corp. v. United States*, 3 Cl.Ct. 705, 712 (1983) (unreasonably protracted settlement negotiations).

It is plaintiff's position that the only stipulation needed was that incorporating the testimonial and evidentiary record of the

---

3. The court finds the defendant's efforts in this respect to be justified. While one might expect superficial acceptance of the findings of fact rendered in the earlier Congressional Reference proceeding, defendant was under no obligation to do so since those proceedings were in no way legally binding in the subsequent action at law. That defendant negotiated for a stipulation which it could accept in the legal action was indeed substantially justified and cannot be faulted. Further comment on this process is contained in the text below.

Reference action. (Plaintiff's brief of September 27, 1984 at p. 5).

Plaintiff is not correct in arguing that the referenced stipulation was all that was necessary to present the parties' respective motions for summary judgment. Facts may be gleaned from such a record, but without specific "findings," they are still in dispute. With benefit of hindsight, it appears that the Court of Claims consulted the earlier record, at least to some extent, in rendering its decision in *Rawlins II.* The panel in *Rawlins II* also relied heavily on the additional stipulations formulated by the parties. It was (and is) reasonable to assume that undertaking factual stipulations based on the prior record obviated either a lengthy (new) trial or a lengthy process devoted to "proposed findings of fact."

In these circumstances, defendant's position was substantially justified.

■ *The Motions for Summary Judgment.* In its cross-motion for summary judgment, in *Rawlins II*, defendant's litigating position was not substantially justified. It was no longer confronted with a novel situation; its arguments had been previously rejected and rehearing denied; and it was faced with the "uniform practice" of the Court of Claims that one panel is bound by the decision of another. *Rawlins II*, 231 Ct.Cl. at 319, 686 F.2d 903. To be sure, defendant's argument was jurisdictional, and since lack of jurisdiction cannot be waived; defendant was within its right to advance the argument anew. This is not to say, however, that such re-presentment was reasonable. The court finds that it was not.

Defendant argues that it should not be liable for any attorney fees generated in response to those several issues (set forth in its motion) on which it did prevail and was thus substantially justified.

The court finds that this phase of the litigation is not susceptible to a "claim-by-claim" breakdown. Plaintiff's time records are not (and the court would not expect them to be) sufficiently precise to allow allocation among the seven issues raised by defendant.

Moreover, the major emphasis of defendant's cross-motion was not the newly-presented issues on which it prevailed but rather the re-presentation of issues on which it did not prevail in *Rawlins I* and again failed in *Rawlins II.*

The court finds that there exist no special circumstances which would render a fee award unjust.

■ *The Award.* The foregoing should make clear that plaintiff is entitled to those reasonable attorney fees generated in response to, at least, those portions of defendant's cross-motion for summary judgment which raised issues which defendant had previously raised and lost and which it elected to re-introduce, again without success.

According to the court's calculations based on counsel's schedule, plaintiff requests $18,993.75 for the endeavors of responding to defendant's cross-motion, and the oral argument thereon, broken down as follows:

Response to Cross-Motion

| | |
|---|---|
| 177.25 Attorney hours @ $75/hr ..... | $13,293.75 |
| 92.00 Law clerk hours @ $30/hr ..... | 2,760.00 |
| Subtotal .. | 16,053.75 |

Oral Argument

| | |
|---|---|
| 36.50 Attorney hours @ $75/hr ..... | 2,737.50 |
| 3.25 Law clerk hours @ $30/hr ..... | 97.50 |
| 3.00 Paralegal hours @ $35/hr ..... | 105.00 |
| Subtotal .. | 2,940.00 |
| TOTAL ..... | $18,993.75 |

The court believes the hours expended on these tasks to be excessive for the purposes for which the court has found attorneys fees to be recoverable.

The EAJA requires the court to award "reasonable" attorney fees. *See* 28 U.S.C. § 2412(d)(2)(A). This might be accomplished by reducing the hours claimed to a figure the court deems to have been reasonably expended. *See St. Paul Fire & Marine Ins. Co. v. United States*, 4 Cl.Ct. 762, 771–72 (1984) (hours reduced to avoid possibility of overcompensation). Such a procedure is obviously, and unavoidably, imprecise.

Review of plaintiff's 35-page opposition brief in *Rawlins II* reveals (as one would expect) that to a substantial extent, plaintiff was on very familiar ground. On the facts of this case, the court feels that plaintiff's compensation is more appropriately measured by the time spent responding to and arguing defendant's earlier motion to dismiss. At that juncture, plaintiff was in fact confronted with novel contentions. Furthermore, this method factors out compensation for those legitimate arguments newly raised by defendant in the cross-summary judgment phase of *Rawlins II.*

Counsel's fee schedule discloses that 69.-75 attorney hours (at $75) and 59.5 law clerk hours (at $25) were spent in briefing and preparing for argument in *Rawlins I.* The court finds the resultant total of $6,718.75 to be reasonable. An award in this amount amply compensates plaintiff for meeting those issues re-presented in *Rawlins II.*

Plaintiff is also entitled to an award of $2625 representing those documented hours reasonably expended in pursuit of the EAJA application. *See, e.g., McCarthy v. United States,* 1 Cl.Ct. 446, 463 (1983).

### CONCLUSION

Consistent with the foregoing, plaintiff's application is granted to the extent that it is awarded $9343.75, and otherwise denied. Judgment will be entered to that effect.